CHIEF JUSTICE WILLIAMS
delivered the opinion oe the couht.
These were suits by appellee (Boyle) against different lot-owners for repairing and renewing certain streets of Covington under an ordinance of the city council, the city also being made a party. A demurrer in behalf of the lot-owners was sustained to the petition because of supposed defects in the ordinances, which were a part of it, and the petition dismissed as to them.
The demurrer of the city was overruled, and judgment given against her; all of which are sought to be corrected by this appeal.
The ordinance directs, in general terms, the repairing and renewing certain named streets within certain defined boundaries; and then specifies what kind of repairs, how to be made, and with what kind of material, within each district, no two districts being exactly similar as to these. It then empowers the city engineer and the internal improvement committee to superintend and direct the said improvement within each district, to determine where and to what extent the repairs within it should be made, and how much of the old material should be used as still suitable for such purpose. These ordinances were not adopted by the unanimous vote of all the members of the council, some being absent. The ordinances directing the construction of the repairs and receiving the work were adopted by the affirmative vote of all the members present.
*207 It is claimed that these ordinances are valid, and fully authorized by an amendment to the city charter of March 9, 1868, 2 Session Acts, 427, as follows:
“ The city council shall have power, without a petition from the owners or holders of property along the line of the street, square, or portion of the street, alley, market-space, or other public place to be altered, repaired, or renewed as aforesaid, to cause the same to be done, in any manner it may deem proper, at the cost and expense of the owners of lots and parts of lots fronting or abutting on the same.”
Like all deliberative bodies, a majority forms a quorum, and can perform the business allotted to their body unless restrained by some specific inhibition. Whatever therefore may have been the requirements of the original charter as to a unanimous vote of all the members elect to the council, this amendment authorized the council to do these things without requiring a unanimous vote of all the members elected to it; hence that body which constituted a council, whether all the members belonging to it were or not present, could order the work to be done; and if it be said even this body, however constituted, must be unanimous before the ordinance would be valid, which is not necessary to determine, such unanimity appears herein. The provisions of this amended charter are very different from that of Louisville under the consideration of this court in Hydes & Goose v. Joyes, 4 Bush, 465, as are also the provisions of this ordinance different from that one. Here the determination was made that the repairs of certain districts of certain streets were necessary. It specifically directed the character and manner of the repairs, and specified the materials as to character, size, quantity, and quality: none of which was done in that case.
In that case the assessment was to be on each lot-owner *208 for the work done in front of his lot; here the assessment is to he apportioned by the squares. And even in that case, when a square or portion of it needed improvement or repair, and the council had so ascertained, this court said, in carrying out the general plan and outline of the designated improvements, the engineer might be vested with power to vary the work so as to make it subserve the general purposes of the ordinance, as developments might determine. But where each lot-owner must pay for the repairs done on his front, he certainly had a right to have the determination of .the council whether his front needed repair, and the kind of repair and material also.
But in Covington no such responsibility attaches to each lot-owner, but only as to the improvement on the square.
It would, in this case, be very difficult to ascertain in advance all the defective and worn-out material, and perhaps impossible without taking them up. Here no alteration of the grade was to be made, and the materials being specified, all that was really practical had been determined by the council, and the very things that were deemed so important in Hydes & Goose v. Joyes.
When the grade is to be altered, it is quite as easy to determine this before as after the repair, and an engineer might fix it very different from what a council would determine was just to the lot-owners.
A great injustice might be done the lot-owners in the quality and value of the materials used, making it onerous on them either by using such as were unnecessarily costly, or wasting their means by using materials of little duration or value. These being the important items, should always be determined by the council, and not left to the discretion of the engineer, or even a committee of their own body. We think that these ordinances substantially *209 comport with the provisions of the charter as amended, and with the jnst rights of the lot-owners.
The committee of internal improvement reported the work done according to contract, with the engineer’s certificate of this fact also, and thereupon the council ordained that it be paid for, and apportioned the work on the lineal front foot of the district instead of each owner, which is equivalent to a reception of the work. The ordinance would have more specifically comported with the letter of the law had the owners been named, for the repairs are decided to be “at the cost and expense of the oioners;” and by act of March 2, 1850, Sess. Acts, 239, the costs and expenses of improvements are to be apportioned on the lot-owners, and a lien given on the lots.
The ownership may change after the expense was incurred, in which case the vendee would have the right to have the assessment paid by his vendor.
But as the assessment on the front feet of each lot was virtually an apportionment on each owner thereof, we would not reverse on this possible error to a subsequent vendee, when no suggestion is made that either of the defendants had since the work was done become the owner.
Wherefore the judgment sustaining the demurrer to the petition is reversed, and the judgment overruling it as to the city is affirmed, with directions for further proceedings consistent herewith.
The city will recover costs against the lot-owners, and Boyle will recover his costs against the city, so far as incurred, because of this appeal.