## N. H. SINCLAIR *v.* DAVID BOYLE, ETC.

**Municipal Corporation—Street Improvement—Abutting Lot Owner—Contracts—Compliance—Change of Ownership.**

As the contractors complied with the contract to improve the street in front of appellant's property, it does not afford any grounds of complaint that the city council did not ascertain the names of the lot owners and the exact fronts of their lots and make the assessment specific in amount against each lot as there was no change in the ownership to this lot since the work was begun.

APPEAL FROM KENTON CIRCUIT COURT.

May 17, 1871.

OPINION BY JUDGE LINDSAY:

The former decision in this cause reported in 6 Bush, 204, settled all the legal questions involved. Appellent, however, upon its return filed an answer raising several material questions of fact necessary now to be noticed.

He insists that much of the work done on Scott street was wholly unnecessary. That the contractor used inferior material in the reconstruction of said street, and that at the time his answer was filed it was not in as good condition as when the work was begun. He denies that the contractor complied with the stipulations of the contract, and says that the street was not kept in repair for twelve months. That the work was over charged for, and that the agreement to keep the street in repair materially increased the cost of the work.

These questions must necessarily be considered together, as each of them is more or less intimately connected with some or all of the others.

It is evident that the three witnesses best qualified by experience in such matters and by actual acquaintance with the

work done, and the condition of the street before and after the same was done, to speak advisedly as to the several questions in issue, are the city engineer, the chairman of the street committee, and the witness, Yates. That there are slight discrepencies in the statements of these witnesses does not in the least detract from the weight to which their general testimony is entitled, especially in view of the fact that their evidence does not conflict in a material degree with that of the other witnesses.

We are of opinion that when all the testimony in the case is considered it establishes by a decided preponderance, that the work done on the square on which appellant's lot is situated was necessary. That the material used, and the manner in which the work was done conformed substantially to the requirements of the contract. We are further of opinion that the evidence failed to show that any portion of Scott street on the square in question required reparis within twelve months after its completion on account of any defective work done by the contractor, or that the appellant was overcharged. Or that the stipulation that the work should be kept in repair for twelve months increased the assesment against appellant's property. In fact from the testimony of the street engineer, such can not possibly have been the case.

Nor do we think it affords any ground of complaint to appellant that the city council did not ascertain the names of the lot owners and the exact fronts of their lots, and make the assessment specific in amount against each lot. It seems there has been no change in the ownership of his lot since the work was begun. He does not deny that he is now, and was at the time the suit was commenced the real owner of the lot of ground adjudged to be sold. If this admitted allegation be true, then the purchaser at the decretal sale, will acquire a perfect title under his purchase.

If it is not true, and appellant does not own the lot, then he is not prejudiced by the judgment.

Failing to perceive that the rights of appellant have been substantially prejudiced by the judgment complained of, the same must be affirmed.

*Menzies & Furber, for appellant.*

*Fisks, for appellees.*