MEDORA A. HARROUN et al., as Administrators of FRED J. HARROUN, Deceased, Respondents, *v.* THE BRUSH ELECTRIC LIGHT COMPANY, Appellant.

1. APPEAL — UNANIMOUS DECISION — CONSTITUTION, ART. 6, § 2 — CODE CIV. PROC. § 191, SUBD. 2.  A quorum of four justices, holding an Appellate Division of the Supreme Court, are in contemplation of law the Appellate Division, and their unanimous vote of affirmance is a unanimous decision within the meaning of the Constitution (Art. 6, § 2), and the Code of Civil Procedure (Subd. 2, § 191).

*Harroun* v. *Brush El. L. Co.*, 12 App. Div. 126, appeal dismissed.

(Argued March 1, 1897; decided March 9, 1897.)

THIS was a motion by the plaintiff to dismiss an appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 21, 1896.

The facts, so far as material, are stated in the opinion.

*Charles Roe* for motion.  The appeal should be dismissed. (Code Civ. Pro. § 191, subd. 2 ;  Const. of N. Y. art. 6, § 9.)

*George F. Yeoman* opposed.  There was a unanimous decision by a quorum of the Appellate Division in the fourth department, not by the Appellate Division.  (*Kaplan* v. *N. Y. Biscuit Co.*, 151 N. Y. 171, 172;  Const. of N. Y. art. 6, § 2;  Code Civ. Pro. § 191, subd. 2.)

BARTLETT, J.  This is a motion made by the plaintiff to dismiss the appeal.

The action is to recover damages for the death of plaintiff's intestate, resulting from injuries caused by the alleged negligence of defendant.  The jury rendered a verdict for $5,000 in favor of plaintiff.

A motion for a new trial on the minutes was denied.

From the judgment upon the verdict and the order denying a new trial an appeal was taken to the Appellate Division of the fourth department, which resulted in an affirmance.

The order of affirmance reads : " Opinion by Follett, J. ; Adams, J., not sitting. All concur, except Adams, J., not sitting."

A motion was subsequently made before the Appellate Division for a reargument, or for permission to appeal to this court, which was denied, all the members of the court concurring, Adams, J., not sitting.

Notwithstanding this decision, and without application to a judge of this court for leave, the defendant took this appeal.

The sole question presented is whether, under the circumstances as stated, there was a unanimous decision of the Appellate Division.

It is argued by the defendant and appellant that article VI, section 2, of the Constitution provides that the state shall be divided into four judicial departments ; that there shall be an Appellate Division of the Supreme Court, consisting of seven justices in the first department and five justices in each of the other departments ; that in each department four justices shall constitute a quorum, and the concurrence of three shall be necessary to a decision ; that no more than five justices shall sit in any case.

This being so, it follows, says the appellant, that in the fourth department the Appellate Division consists of five justices, and that a quorum of four hearing a case and affirming it on the vote of all, it cannot be regarded as a unanimous decision under the provisions of section 191 of the Code of Civil Procedure, sub. 2.

We are of opinion that a quorum of four justices, holding an Appellate Division, are, in contemplation of law, the Appellate Division, and that their unanimous vote of affirmance is a compliance with the provisions of the Constitution and Code.

When the Constitution provides that four justices shall constitute a quorum, it is in effect conferring upon four the powers with which five were invested. A quorum is the number of the members of a body competent to transact business.

A judicial or legislative body having a quorum present proceeds ordinarily as if every member was sitting in his place,

and exercises all the powers with which it is invested. Any other rule would greatly embarrass the transaction of business in case of illness, or voluntary or enforced absence among the members.

Any other construction of the statute would be unreasonable, impracticable and result in great public inconvenience.

It follows that this appeal is unauthorized and it should be dismissed, with costs.

All concur.

Appeal dismissed.