St. Æmilianus Orphan Asylum vs. Milwaukee County.

St. Æmilianus Orphan Asylum, Respondent, vs. Milwaukee County, Appellant.

*April 28 — May 15, 1900.*

*County board: Quorum: " Majority vote: " Statutes construed.*

Sec. 2, ch. 267, Laws of 1895, provides that in any case in which a county contributes to the support of a child committed to an orphan asylum "said county may, by a majority vote of its board of supervisors, remove said child from said institution." Sec. 665, Stats. 1898, provides that "a majority of the supervisors entitled to

St. Æmilianus Orphan Asylum vs. Milwaukee County.

a seat in the county board shall constitute a quorum for the trans-
action of business," and that "all questions shall be determined by
a majority of the supervisors present unless otherwise provided."
*Held*, that for the purpose of a legal removal of a child so com-
mitted, a quorum of the members of the board is the board, and a
majority vote of such quorum is a majority vote of the board.

APPEAL from a judgment of the circuit court for Milwau-
kee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

April 1, 1896, a quorum of the members of the board of
supervisors being present, duly assembled for the transaction
of business, by a majority vote of such members but by less
than a majority of all of the members of such board, a reso-
lution was in form adopted to the effect that certain chil-
dren, theretofore duly committed according to law to the
care and custody of the respondent and then in such care
and custody, be removed therefrom. May 18, 1896, pursuant
to such resolution, surrender of such children was duly de-
manded of the respondent, and was refused. Thereafter the
respondent filed a claim against the county of *Milwaukee*
for compensation for the care and support of such children.
That part of the claim relating to the time subsequent to the
date of such demand was disallowed. The respondent ap-
pealed to the circuit court for Milwaukee county, where a
trial was had, resulting in a judgment against the county,
upon the ground that the resolution referred to was not
passed by a majority of all the members of the county board.
The county appealed.

For the appellant there were briefs by *A. C. Brazee*, dis-
trict attorney, and *A. C. Umbreit*, assistant district attorney,
and oral argument by *Mr. Umbreit.*

For the respondent there was a brief by *Fiebing & Killi-
lea* and oral argument by *H. J. Killilea.*

MARSHALL, J. The only question for consideration on the
record is, Was the resolution for the removal of the children
from the care and custody of respondent legally adopted?

St. Æmilianus Orphan Asylum vs. Milwaukee County.

That turns on the construction of the following language in sec. 2, ch. 267, Laws of 1895, relating to the authority of county boards in such cases: " In [any] case in which the county contributes to the support of any child " committed to any orphan asylum, " said county may, by a majority vote of its board of supervisors, remove said child from said institutions." If the words, " a majority vote of its board of supervisors," mean a majority only of the members present at the meeting, such members being sufficient in number to constitute a quorum for the transaction of public business, the decision of the trial court is wrong and the judgment must be reversed.

At common law a legal assembly of the members of a definite municipal governing body, like a city council or county board, is made up of a majority of all the members of such body. Such number constitutes a working quorum, and a majority vote thereof, for or against a proposition, is a determination of the whole body in regard to it. Dillon, Mun. Corp. § 278; *Rex v. Bellringer*, 4 Term, 810; *Ex parte Willcocks*, 7 Cow. 402–409; *Lockwood v. Mechanics' Nat. Bank*, 9 R. I. 308; *Buell v. Buckingham*, 16 Iowa, 284–291; *Heiskell v. Baltimore*, 65 Md. 125.

That is a universal rule applicable to all corporations, whether public or private. Thomp. Corp. § 3911. It was said by Chancellor Kent: " There is a distinction taken between a corporate act to be done by a select and definite body, as by a board of directors, and one to be performed by the constituent members. In the latter case, a majority of those who appear may act; but in the former, a majority of the definite body must be present, and then a majority of the quorum may decide. This is the general rule on the subject; and if a corporation has a different modification of the expression of the binding will of the corporation, it arises from the special provisions of the act or charter of incorporation." 2 Kent, Comm. 293.

That common-law rule, as to county boards, was embodied in sec. 665, Stats. 1898, in the following language: "A majority of the supervisors entitled to a seat in the county board shall constitute a quorum for the transaction of business. . . . All questions shall be determined by a majority of the supervisors present unless otherwise provided."

In view of what has preceded, it seems that, in the absence of a clearly expressed intent to the contrary, the will of a majority of a quorum of the members of a county board, regularly expressed by their votes, is the will of the whole board and the law of the corporation; and by that the statute in question must be tested. We must be able to say, in the light of that — and the other rule, that statutes in derogation of the common law should be strictly construed — that the legislature intended to displace the general law on the subject under consideration, or it must prevail.

It will be observed that in cases where the common-law rule has been changed by statute, language uniformly occurs which is so plain as to leave very little, if any, room for judicial construction,— such as "a majority of all the members entitled to seats in the county board" (subd. 1, sec. 670, Stats. 1898); or "a majority vote of all the members thereof" (sec. 697a); or "a vote of three fourths of all of the members" (ch. 270, Laws of 1885); or "a majority of the whole board" (*Cumberland Co. Sup'rs v. Webster*, 53 Ill. 141); or a "majority of the whole number of the members of the board" (*State ex rel. Cadmus v. Farr*, 47 N. J. Law, 208–216); or "two thirds of the members elect." While such expressions as "a majority vote of the house;" "two thirds of the house or branch" (*Green v. Weller*, 32 Miss. 650); "two thirds of each house" (*Southworth v. P. & J. R. Co.* 2 Mich. 287); "a majority of the corporation" (Morawetz, Priv. Corp. § 476); "adopted by a majority of the electors affected thereby,"— have been held to refer to a majority of a quorum or of such number of persons present as were empow-

ered to act. For an example of how strongly courts have adhered to the common-law rule, in the absence of unmistakable language indicating a contrary legislative intention, we may refer to *Craig v. First Presbyterian Church*, 88 Pa. St. 42, where language prohibiting a certain act " except in pursuance of the wishes of a majority of the members of such society or church, expressed at a church election," was held to be satisfied by a majority of the members of the society assembled at the election; and it was said, in substance, that if the legislature intended to require a majority of the whole society, or all the members of the society whether present at the meeting or not, that intention should have been expressed so clearly as not to be open to doubt; that, as it was fair to presume that the language, " a majority of the members . . . at a church election," only referred to a majority of those who should attend and vote at such election, such meaning must be presumed to have been what was intended by the legislature, and not that the general rule governing such matters should be superseded.

Applying the foregoing to the matter before us, it is the judgment of the court that the words " its board " point as clearly, at least, to the board as a legislative body, as to the individual members thereof. If the former was the legislative idea, then, obviously, a quorum of the members of the board was as much the board for the purpose of transacting public business as all the members thereof, and a majority vote of such quorum was a majority vote of the board.

That is sufficient for the appellant on this appeal. As reasoned in *Craig v. First Presbyterian Church, supra,* if it were the purpose of the legislature to abrogate the common-law rule and the general statute in the particular matter covered by the act, it was very easy to have said, " a majority of all of the members entitled to seats on the board," or to have used some other plain, unmistakable language to convey the idea. Having failed to do so, it is considered

that it is the plain duty of the court to hold that the words used were merely intended to express the purpose that the board — that is, an assembly for public business composed of a sufficient number of the members of the body to enable it to transact such business, by a majority vote thereof — must consent to the removal of a child from an orphan asylum, when once committed to its charge to be there supported in whole or in part at the expense of the county, as a condition precedent to such removal.

That renders necessary a reversal of the judgment appealed from and the rendition of a judgment in favor of the appellant.

*By the Court.*— The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.