CHARLES CRICKENBERGER, PROSECUTOR, v. THE TOWN OF WESTFIELD.

Decided November 7, 1904.

Where a statute requires the "unanimous vote of all the members of the council" to pass an ordinance, that does not mean the unanimous vote of a quorum, or of all the members present, but of all the members constituting the whole council.

On *certiorari.*

Heard before a single justice, under the two hundred and fifty-first section of the Practice act.

For the prosecutor, *Paul Q. Oliver.*

For the defendant, *Frederick S. Taggart.*

FORT, J. This writ brings up an ordinance of the town of Westfield for the laying of a stone sidewalk.

Westfield is an incorporated town under the General Town act, approved March 7th, 1895. *Gen. Stat., p.* 3525.

The ordinance is attacked upon the ground that it was not passed "by the unanimous vote of all the members of the council," as required by a supplement to the Town act, approved March 28th, 1904. *Pamph. L., p.* 263.

The act of 1904 is an amendment to a supplement to the General Town act, which said supplement was approved March 31st, 1897. *Pamph. L., p.* 144. Under the supplement of 1897, and its amendment of 1904, the common council may "by unanimous vote of all the members of the council" determine that it is to the interests of the town to lay a sidewalk, notwithstanding no petition is presented to the council asking for the improvement.

It is admitted by the stipulation of facts in this case that one of the members of the council was not present when the ordinance in question was passed. The contention of the defendant is that a quorum constitutes the council and that, if all the members present constituting the quorum vote for an ordinance it is lawfully passed under the act of 1904.

If the words of the statute were that the ordinance should be valid if passed by "a unanimous vote of the council," I should be inclined to sustain the ordinance. A quorum will constitute a council. *Greene* v. *Wells,* 32 *Miss.* 650; *Southworth* v. *Palmyra Railroad Co.,* 2 *Mich.* 287; *State* v. *McBride,* 2 *Mo.* 308. The Florida Supreme Court seems to hold that a statute which requires an affirmative vote of a majority "of all the members of the council" is complied with by the majority vote of a quorum. *Atkins* v. *Phillips,* 26 *Fla.* 281.

I am not inclined to follow this last-mentioned case, as the reasoning of the court does not carry conviction. An ordinance to be valid is, by the statute here in question, required to be adopted "by the unanimous vote of all the members of the council." I am not able to give any other force to these words than their clear meaning imports, namely, all the members of the council, and that, I think, includes all present or absent members. A councilman not present is quite as much a member of the council as one present.

Where the words of a statute are free from doubt there is no room for construction. If the legislature had intended to make the unanimous vote of a quorum sufficient to pass the ordinance in question it would have said so, or would have said "by the unanimous vote of all the members present," or some expression which would have negatived the construction that all the members of the council, that is, all the elected members of the council, were necessary for the action.

The ordinance under review must be set aside, with costs.