JOHN COXON, SR., PROSECUTOR, v. THE INHABITANTS OF THE CITY OF TRENTON AND THE BOARD OF HEALTH OF THE CITY OF TRENTON.

Submitted March 19, 1909—Decided June 24, 1909.

1. A resolution is "unanimously adopted by a board of health" when it is adopted by a legally constituted board of health, all present voting and none dissenting.
2. The opinion of the board of health that "the construction of a proposed sewer is necessary to preserve the public health" certified under the act of April 3d, 1902 (*Pamph. L., p.* 343), being judicial in character should be rendered upon notice to the objectors whose action has led to the certification of such opinion.

On *certiorari.*

This writ brings up for review an ordinance of the city of Trenton authorizing the construction of a lateral sewer in Tyrell avenue, in that city.

The proceedings of the common council and of the board of health were taken under the authority of an act entitled "An act to authorize cities to construct sewers and drains and to provide for the payment of the cost thereof," approved March 8th, 1882 (*Gen. Stat.*, p. 605), and the supplements thereto.

The stipulated state of facts shows that at a meeting of the common council held on the 16th day of August, 1904, a petition was received requesting the construction of said sewer and a notice of intention published in conformity with section 2 of the act above referred to; that within ten days from the date of the notice of the intention the owners of more than one-half of the lineal frontage of lands along said sewer presented their objections in writing, and that all further proceedings ceased.

The stipulation further shows that no further action was taken in respect to said improvement for more than two years, when another petition was presented to the common council again requesting a construction of said sewer. This petition was received on the 4th day of September, 1906, and notice of intention was again given in conformity with section 2 of the act of 1882.

It is further shown that the owners of more than one-half of land along said street again presented their written objections within the time required by law.

No further action was taken by the municipal authorities of the city of Trenton until the 3d day of August, 1908, at which time the board of health of the city of Trenton, assuming to act under the authority of chapter 108 of the laws of 1902, adopted a resolution declaring that, in the opinion of said board, such sewer should be constructed, "the same being necessary for the preservation of the public health."

This resolution of the board of health was adopted by the

affirmative votes of six of the seven members of the board, one member being absent.

It further appears that a copy of the resolution adopted by the board was presented to the common council at a meeting of that body on the 4th day of August, 1908.

The act of April 3d, 1902, being chapter 108, reads as follows: "That in case the persons owning or representing more than a majority of the lineal frontage along the line of the street through which it is proposed to construct a sewer or drain object to the construction of the same in the manner prescribed in said act or supplements, the board having control of the streets of any (such) city may, notwithstanding such objections, proceed and construct said sewer under the act to which this is a supplement; provided, that the board of public health of any city in which it is proposed to construct said sewer or drain shall certify, in writing, to said board having control of the streets of any (such) city, that a resolution has been unanimously adopted by said board of health, that it is the opinion of said board that the construction of said proposed sewer or drain is necessary to preserve the public health."

This act is a supplement to the act of March 8th, 1882, the second section of which provides, among other things, that when "persons owning or representing more than one-half of the lineal frontage of land along any street, through which it is proposed to construct any lateral sewer or drain, shall present their objections in writing, then such proceedings shall cease."

On the 20th day of October, 1908, the persons desiring the construction of this sewer presented another petition to the common council requesting its construction, and on that date another notice of the intention of the common council to make the improvement was ordered to be published.

In response to the notice last above mentioned, the owners of more than one-half of the lineal frontage of land along said sewer again filed their written objections with the city clerk within the time prescribed by law.

At a meeting of the board of health held on the 14th day of November, 1908, another resolution was adopted declaring that, in the opinion of the board, such sewer should be constructed, the same being necessary for the preservation of the public health. This resolution was adopted by the affirmative vote of six of the members of the board, one member again being absent. A copy of the resolution last above referred to was presented to the common council at a meeting held on the 17th day of September, 1908, whereupon the common council assumed jurisdiction and passed the ordinance authorizing the construction of said sewer, on the 15th day of December, 1908.

Among the reasons filed by the prosecutor for setting aside this ordinance are the following: Because neither the resolution passed by the board of health on the third day of August, 1908, nor the resolution passed November 14th, 1908, was unanimously adopted by said board, and because the board of health of the city of Trenton, in adjudging the necessity of the proposed improvement was acting judicially and the prosecutor was entitled to notice and an opportunity to appear before the said board and be heard in respect thereto, which notice was not given, nor was such opportunity afforded.

Before Justices GARRISON, BERGEN and VOORHEES.

For the prosecutor, *Martin P. Devlin.*

For the defendants, *William E. Blackman.*

The opinion of the court was delivered by

GARRISON, J. A unanimous vote of all of the members of the board of health is not required by the statute, but only that the "resolution be unanimously adopted by the said board of health." Granted, therefore, a board of health legally constituted and the adoption of the resolution, all present voting and none dissenting, and the statute has been complied with. This distinction is pointed out by Mr. Justice Fort in *Crickenberger* v. *Westfield*, 42 *Vroom* 467.

The other reason urged for vacating the ordinance is good. The owners of property who, by filing their objections under the statute, had held up the action of city council, should have had notice and an opportunity to appear before the board of health when that tribunal had under consideration the question of fact upon the determination of which the controversy between the city and the property owners depended. Even the written objections that had been filed before council do not appear to have been referred to or considered by the board of health. In view of the legislative scheme and the situation of the contending parties the action of the board of health was distinctly judicial in character, *i. e.*, it was the decision of a question of fact affecting directly and financially a known class of citizens; it was not the adoption of a general scheme of legislation. The effect of the determination by the board of health was to settle an existing controversy, the result of which was to impose a special burden upon one of the contesting parties, *i. e.*, the landowners. The case indeed goes beyond that of *Sears* v. *Atlantic City,* 44 *Vroom* 710, in that here two clearly-defined parties were lined up on a well-defined issue made by written objections filed as part of this statutory proceeding. The opinion that settles such a controversy must, in our judgment, be upon notice to the objectors. By the very act of availing themselves of the statutory right to object the objectors acquired a *status* that entitled them to notice just as by filing remonstrances to the granting of a license the remonstrants acquire a *status* that entitles them to sue out a writ of *certiorari.*

The ordinance brought up this writ, being based upon a certified opinion of the board of health that was itself improperly given, must be set aside.