[S. F. No. 6213.   In Bank.—June 13, 1912.]

## TIDEWATER SOUTHERN RAILWAY COMPANY (a Corporation), Petitioner, v. FRANK C. JORDAN, Secretary of State of the State of California, Respondent.

CORPORATIONS—CREATION OF BONDED INDEBTEDNESS—RESOLUTION MAY BE-ADOPTED BY UNANIMOUS VOTE OF QUORUM OF DIRECTORS PRESENT AT MEETING.—The provision of subdivision 5 of section 359 of the Civil Code authorizing the creation of a bonded indebtedness by a corporation "by a resolution adopted by the unanimous vote of its board of directors," approved by the written assent of stockholders holding two-thirds of the subscribed or issued capital stock, does not require that the resolution should be adopted by the unanimous vote of all the directors constituting the board. The requirement is satisfied if the resolution be adopted by the unanimous vote of all the directors present at the meeting, and constituting a quorum of the board.

APPLICATION for a Writ of Mandate directed to the Secretary of State of the State of California.

The facts are stated in the opinion of the court.

Arthur L. Levinsky, J. G. De Forest, and Heller, Powers & Ehrman, for Petitioner.

U. S. Webb, Attorney-General, and Malcolm C. Glenn, Deputy Attorney-General, for Respondent.

SLOSS, J.—*Mandamus.* The petitioner, a railroad corporation, institutes an original proceeding in this court to compel the secretary of state to file in his office a certified copy of a certificate of creation of bonded indebtedness by petitioner. The facts are undisputed, the only return to the alternative writ heretofore issued being in the form of a demurrer for want of facts. The respondent urges but one ground in support of his refusal to file the certificate, and it is conceded that, unless this ground be well taken, the petitioner is entitled to the relief sought.

The proceedings for creating a bonded indebtedness were taken under subdivision 5 of section 359 of the Civil Code. That subdivision provides that any corporation desiring to

create a bonded indebtedness may, in lieu of calling and holding a stockholders' meeting as provided in earlier subdivisions, create such indebtedness ''by a resolution adopted by the unanimous vote of its board of directors or trustees at a regular meeting or at a special meeting called for that purpose, and approved by the written assent or assents of the stockholders holding two-thirds of the subscribed or issued capital stock. . . .'' The certificate here involved shows that the petitioner has thirteen directors, and that at a regular meeting of the board of directors, attended by only seven directors, all of those present concurred in adopting a resolution for the creation of a bonded indebtedness. Seven constitutes a quorum of the board. The only question is whether this was a compliance with the code provision above quoted, the respondent taking the position that the requirement that the resolution be adopted ''by the unanimous vote of its board of directors'' can be satisfied only by the affirmative votes of the thirteen directors, all of whom must be present at the meeting.

We entertain no doubt of the soundness of petitioner's contention that the vote of the seven who attended the meeting was all that was required. The statute does not demand the ''unanimous vote of all the directors,'' nor the ''unanimous vote of all the members of the board.'' What is called for is the ''unanimous vote of the board.'' The provision looks to the body constituting a board of directors, rather than to the individuals of whom that board is composed. Section 308 of the Civil Code provides that ''a majority of the directors is a sufficient number to form a board for the transaction of business. . . .'' Accordingly, the seven directors, duly assembled in regular meeting, constituted the board of directors and a resolution adopted by the affirmative votes of all such directors was ''adopted by the unanimous vote of the board of directors.''

This view does not lack the support of authority. The case of *McLane* v. *Placerville etc. R. R. Co.*, 66 Cal. 606, [6 Pac. 748], relied on by petitioner, seems, on a careful reading, not to be precisely in point. But other decisions cited fully sustain the proposition.

In *Coxon* v. *Inhabitants of the City of Trenton,* 78 N. J. L. 26, [73 Atl. 253], the court, in dealing with an ordinance

which, by virtue of a statute, was required to be "unanimously adopted by the said board of health," held that where the resolution was adopted by a board legally constituted, all present voting and none dissenting, the statute had been complied with. The opinion distinguishes the case presented (which is like the one at bar) from that of a statute requiring the "unanimous vote of all the members of the council." The language last quoted plainly requires the assent of every member of the board. (*Crickenberger* v. *Westfield*, 71 N. J. L. 467, [58 Atl. 1097].)

The Code of Civil Procedure of New York (sec. 191) withholds the absolute right of appeal from the appellate division of the supreme court to the court of appeals "when the decision of the appellate division of the supreme court is unanimous." Five justices compose the appellate division, but four constitute a quorum. Where, in hearing an appeal, only four sat, and all four concurred in an affirmance, it was held that the decision was unanimous, within the meaning of the code section. (*Harroun* v. *Brush Elec. L. Co.*, 152 N. Y. 212, [38 L. R. A. 615, 46 N. E. 291].)

Similar in principle are the decisions holding that provisions requiring the vote of "two-thirds of each house," or the like, mean two-thirds of the members present and constituting a quorum. (*State* v. *McBride*, 4 Mo. 303, [29 Am. Dec. 636]; *Green* v. *Weller*, 32 Miss. 650; *Southworth* v. *Palmyra etc. R. R. Co.*, 2 Mich. 287; *Warnock* v. *Lafayette*, 4 La. Ann. 419.)

The construction thus indicated gives the requirement of unanimity the effect of making it impossible for a majority of a mere quorum, which might be a minority of the entire membership, to adopt the resolution, as such minority might do in the absence of any restriction of this nature. (*St. Aemilianus Orphan Asylum* v. *Milwaukee County*, 107 Wis. 80, [82 N. W. 704]; *Gumaer* v. *Cripple Creek T. T. & M. Co.*, 40 Colo. 1, [122 Am. St. Rep. 1024, 13 Ann. Cas. 781, 90 Pac. 81].) Thus read, the provision is reasonable and in harmony with the apparent purposes of the statute. On the other hand, the interpretation urged by the respondent might block or delay the transaction of business of great importance to the stockholders if, on account of illness or for any other

reason, it became impossible to secure the attendance of any one member of the board.

It is ordered that a peremptory writ of mandate issue as prayed.

Shaw, J., Angellotti, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.