## Gumm v. City of Lexington.

(Decided Jan. 27, 1933.)

140

HENRY S. McGUIRE for appellant.

J. P. JOHNSTON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Chapter 80, page 294 of the Session Acts of 1928 (now sections 3235f-1 to and including 3235f-13), was and is an amendment to the charter of cities of the second class, and it creates a "City Planning and Zoning Law" applicable to cities of that class. The administration of the act is committed to a commission consisting of seven members to be known and designated as "City Planning and Zoning Commission." Its duties and methods of procedure are defined in the act. In a general way it consists in dividing the city into residence and business zones and submitting its work to the legislative department of the city for incorporation into law by appropriately enacted ordinances. After its taking effect the city of Lexington was zoned under its provisions. Section 8 of the act (now section 3235f-8 of Carroll's Kentucky Statutes, 1930 Edition) provides for a method and procedure whereby alterations may be made in any prior adopted zoning division; but the zoning commission is prohibited from approving or recommending to the legislative authority of the city any such change or alteration, if the character of protest set forth in that section is filed with it, "unless the change shall be adopted by the unanimous vote of the commission."

Lexington has adopted the commission form of government and its legislative authority is exercised by its board of commissioners. The zoning commission passed a resolution recommending alterations and changes in certain zoning districts in the city, and filed it with the board of commissioners of the city, and the latter passed an ordinance carrying into effect the recommendations of the zoning commission, thereby completing the recommended changes. The appellant

and plaintiff below, W. S. Gumm, owns property in the city which is so located as to entitle him, under the provisions of the statute, to make protest against the change, which he did, and in which he was joined by a greater percentage of protesters than the minimum number required by the statute. It, however, was disregarded by the zoning commission, and its recommending resolution was passed by the unanimous vote of six of its members; the seventh being absent. After the ordinance was passed giving effect to the recommended changes, plaintiff filed this action in the Fayette circuit court against the city seeking an annulment of the ordinance, upon the ground that it was enacted upon an illegal and invalid recommendation by the zoning commission, because the resolution embodying the recommendation was not adopted by "The unanimous vote of the Commission," which the plaintiff contended should be by a vote in which all of the members of the commission concurred. The court sustained the city's demurrer filed to the petition, and, plaintiff declining to plead further, it was dismissed, from which judgment he prosecutes this appeal.

It will at once be seen (and it is so admitted by counsel for plaintiff) that the sole question in the case is: Whether the phrase "the unanimous vote of the commission," as employed in the section of the zoning act, was intended by the Legislature to refer to and embrace all of the members of the zoning commission, or all of them who were present if the entire number present constituted a quorum? The trial court interpreted the phrase as requiring only a unanimous vote of the members of the zoning commission who were present, provided that number constituted a quorum; the statute expressly enacting that "At least four members of the commission shall be necessary to constitute a quorum for the transaction of any business." Our task is to determine whether or not the court was correct in so concluding.

Counsel for plaintiff in his effort to convince us of the incorrectness of the court's conclusion argues (and which is the only one he could make) that the phrase under consideration embraces all of the members of the zoning commission, and that it was the intention and purpose of the Legislature in employing that language to require a unanimous vote of all of the

members before any change or alteration could be legally recommended to the board of commissioners of the city for its action. In doing so counsel overlooks, or at least does not refer to, an important distinction pointed out by all courts before which the question has been presented and determined, and which is also approvingly incorporated by all text-writers, in stating the law relating to that question. That distinction is: That where the requirement is for a unanimous vote of "all of the members of the body," or "of all those elected or appointed" as members thereof, or some such impelling words, then the rule for which he contends is the applicable one; but that where the requirement is, as is true in this case, that there shall "be a unanimous vote" of the body, then the declared rule is that the requirement is satisfied if a quorum is present and the action taken is approved by all of the members present. Sometimes the requirement is that the particular action shall receive a certain per cent. of the body, without specific language necessarily indicating that all of the members of the body were intended to be included, and in such cases it is held by all courts that the requisite proportion of a duly constituted quorum satisfies such requirement, and all of which is clearly pointed out by the author of McQuillin on Municipal Corporations, second edition, volume II, sec. 626, but sec. 596 in the first edition.

It is therein said, inter alia: "Adopting such construction, where the power of a motion was conferred upon a city council to be exercised 'by a vote of two-thirds of that body,' two-thirds of a legal quorum, and not two-thirds of the whole number of members composing the council, was considered to be meant. So, 'unanimous consent of the council,' as used in a council rule, was construed in like manner." In following portions of the text the learned author points out that a different rule prevails where the requirement specifies that the action taken shall be by "all the members elected" or "all of the members of the council," since in that case the employed language clearly indicates that it was the intention of the Legislature in enacting the provision to require a unanimous vote of the entire membership of the body referred to. To the same effect are the cases of Missouri Pacific Railway Company v. State of Kansas, 248 U. S. 276, 39 S. Ct. 93, 63 L.

Ed. 239, 2 A. L. R. 1589; National Prohibition Cases,. 253 U. S. 350, 386, 40 S. Ct. 486, 588, 64 L. Ed. 946, 978;. Zeiler v. Central Railway Company, 84 Md. 304, 35 A. 932, 34 L. R. A. 469; Smith v. Jennings, 67 S. C. 324, 45 S. E. 821; Farmers Union Warehouse Company v. McIntosh, 1 Ala. App. 407, 56 So. 102, and State v. McBride, 4 Mo. 303, 29 Am. Dec. 636.

In harmony therewith is the text in 19 R. C. L.. 890-891, sec. 190, wherein it is said: "When it is provided by statute that a certain matter may be enacted only by unanimous vote, the unanimous vote of those present at the meeting (provided they constitute a legal quorum) is all that is necessary, and when a larger proportion than a bare majority is required, the requisite proportion of those present and voting is usually deemed sufficient provided, of course, that a quorum is present." Some of the cases supra are cited in support of that text, and in addition thereto are those of San Christina Investment Company v. City and County of San Francisco, 167 Cal. 762, 141 P. 384, 52 L. R. A. (N. S.) 676, and Atkins v. Phillips, 26 Fla. 281, 8 So. 429, 10 L. R. A. 158. Other approving cases are State v. Stephens, 195 Mo. App. 34, 189 S. W. 630; Crickenberger v. Town of Westfield, 71 N. J. Law, 467, 58 A. 1097; Coxon v. Inhabitants of City of Trenton, 78 N. J. Law, 26, 73 A. 253, and Harroun v. Brush Electric. Light Company, 152 N. Y. 212, 46 N. E. 291, 38 L. R. A. 615.

The same principle was approved by this court in. the case of City of Covington v. Boyle, 6 Bush, 204. In. alignment with the cases and authorities to which we have referred, the opinion in that case said: "Whatever therefore may have been the requirements of the original charter as to a unanimous vote of all the members elect to the council, this amendment authorized. the council to do these things without requiring a unanimous vote of all the members elected to it; hence that. body which constituted a council, whether all the members belonging to it were or were not present, could. order the work to be done." In that excerpt it will be noticed that the requirement for a unanimous vote of the body only refers to and embraces the requisite membership of a working body, and which, as is everywhere accepted, is a legal quorum, and that such inter-

pretation will not be departed from in the absence of language clearly indicating to the contrary.

Hence, when the statute now under consideration prescribed that four members of the zoning commission should constitute a quorum for the transaction of its business, it made that number of members a working commission; and when all of such present members unanimously approved the proposition before the commission for change in the city zoning, then that approval was by the "unanimous vote of the commission" within the contemplation of the statute, and the court properly so determined.

Wherefore, the judgment is affirmed.