## Farrell et al. v. Chervenak

Before McCann, P. J., McKenrick and Griffith, JJ.
*Philip N. Shettig*, for plaintiffs.
*Robert S. Glass*, for defendant.

GRIFFITH, J., August 8, 1949.—Plaintiffs filed their complaint in mandamus, setting forth that they are the County Commissioners of Cambria County and defendant is the county controller; that under the Salary Board Act of July 5, 1947, P. L. 1308, 16 PS §301, et seq., a meeting of the Salary Board of Cambria County was held on May 4, 1949, at which there were present two of the county commissioners, Pat Farrell and Thomas A. Owens, and defendant as county controller; that at such meeting a motion was made that Dennis Westrick be employed at the Cambria County Home as assistant superintendent, effective May 15, 1949, and that when the motion was put to a question the two county commissioners voted "yes" and the county controller voted "no"; that as a result of such resolution the county commissioners in their capacity as the officers of the Cambria County Institution District certified the name of said Dennis Westrick and his salary to the county controller for payment from time to time as the salary fell due, but that defendant as county controller has in each instance declined and

refused to place the name of Dennis Westrick upon the payroll of the employes of the Cambria County Institution District. Plaintiffs ask that judgment be entered against defendant as county controller, requiring him to place the name of Dennis Westrick upon the payroll of the employes of the Cambria County Institution District in order that he may receive the salary to which he is alleged to be entitled as the result of the resolution of the Cambria County Salary Board.

Since there was no dispute as to the facts, counsel for plaintiffs and counsel for defendant, by agreement dated July 18, 1949, stipulated that an answer should not be required of defendants and that the only question for determination by the court is a legal one, to wit:

"The meaning of the following sentence as contained in section 306 of the Act of Assembly approved the 5th day of July, 1947, P. L. 1308, known as the 'Salary Board Act': 'The decision of a majority shall govern.'"

It was further stipulated that if the court shall determine that the word "majority" mentioned in section 306 of the above act refers to a majority of a quorum, judgment shall be entered in favor of plaintiffs; but that if the court shall determine that the word "majority" means a majority of the full salary board, judgment shall be entered for defendant.

The portions of the acts of assembly with which we are concerned in the present issue are as follows:

The Salary Board Act of July 5, 1947, P. L. 1308, 16 PS §301 et seq., which amended The General County Law of May 2, 1929, P. L. 1278, provides in part as follows (section 303):

"There is hereby created in each County, a salary board which shall consist of the three County Commissioners, the County Controller . . ."

(Sec. 306-a) "Whenever the board shall consider the number or salaries of the deputies . . . or other employees of any county officer . . . such officer . . . shall sit as a member of the Board."

(Sec. 306-d) "The decision of a majority shall govern."

The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 35, 46 PS §535, provides as follows:

"Words in a law conferring a joint authority upon three or more public officers or other persons shall be construed to confer authority upon a majority of such officers or persons.

"A majority of any board or commission shall constitute a quorum."

There is no dispute that the usual rule governing similar situations is that the word "majority" ordinarily refers to a majority of a quorum. "It is a rule of the common law and generally of all parliamentary bodies that when a quorum is present the act of a majority of the quorum is the act of the body." Commonwealth ex rel. v. Fleming, 23 Pa. Superior Ct. 404, recently quoted by the Supreme Court in Frackville Borough Council Case, 308 Pa. 579, 584.

Moreover this rule obtains not only in Pennsylvania but generally. For example, in United States v. Ballin, 144 U. S. 1, 8, the court said:

"In State v. Deliesseline, 1 McCord 52, it is said: 'For, according to the principle of all the cases referred to, a quorum possesses all the powers of the whole body; a majority of which quorum must, of course, govern. . . . The constitutions of this State and the United States declare that a majority shall be a quorum to do business, but a majority of that quorum are sufficient to decide the most important question.' In Wells v. Rahway Co., 4 C. E. Green (19 N. J. Eq.) 402, we find this language: 'A majority of the direc-

tors of a corporation, in the absence of any regulation in the charter, is a quorum, and a majority of such quorum when convened can do any act within the power of the directors.' "

Also in Hill v. Ponder et al., 221 N. C. 58, 19 S. E. (2d) 5, the court said that under a statute providing for the election of a tax collector by a board of four persons, the absence or disqualification of one person did not deprive the remaining three members of the power to act, and that since the three who were present constituted a quorum, two of the three constituted a majority thereof sufficient for the election of the tax collector. In discussing the question at issue, the court in that case said:

"It is a fundamental rule of parliamentary procedure, applicable as well to municipal and electing boards, that a majority of the members of a body consisting of a definite number constitutes a quorum for the transaction of business (Art. I, sec. 5, Cons. U. S., Jefferson's Manual, sec. 402), and it is equally well settled that a majority of the quorum has power to act. . . . This rule derives from the common law and is of universal application unless modified by statute or some controlling regulation or by-law in the particular instance." See also St. Aemilianus Orphan Asylum v. Milwaukee County, 107 Wis. 80, 82 N. W. 704.

Defendant, however, contends that the provision contained in section 306(a) of the Salary Board Act of 1947, supra, that "The decision of a majority shall govern" should be construed to mean a majority of all of the members of the board rather than a majority of the members of a quorum, and points out that the word "quorum" does not appear in the Salary Board Act.

However, the word "quorum" does appear in section 35 of the Statutory Construction Act of 1937, supra, for that section provides, "A majority of any board or commission shall constitute a quorum."

In the absence of any clearly expressed intent to the contrary, the will of the majority in a quorum, regularly expressed by their votes, is the will of the whole board.

As an example of how strongly the courts of Pennsylvania have adhered to the common-law rule, in the absence of unmistakable language indicating a contrary legislative intent, we may refer to Craig v. First Presbyterian Church, 88 Pa. 42. In that case the court considered the provisions of the Act of April 18, 1877, P. L. 54, permitting the removal of the remains of the dead from such portions of a burial ground as may be needed for religious purposes but provided that no application for such removal should be made "except in pursuance of the wishes of the majority of the members of such society or church, expressed at a church election." The court held that this language was satisfied by a majority of the members who were assembled at the election, and it was said that if the legislative intent was to require a majority of the whole society that intention should have been expressed clearly as not to be open to doubt, and that the general rule governing such matters should not be superseded. The court said that if it were the purpose of the legislature to abrogate the common-law rule and the general statute in the particular matter covered by the act it would have been very easy to have said "a majority of all the members entitled to seats on the board", or to have used some other plain, unmistakable language to convey the idea.

Although section 58 of the Statutory Construction Act of 1937, supra, provides that "the rule that laws in derogation of the common law are to be strictly con-

strued, shall have no application to the laws of this Commonwealth hereinafter enacted", the appellate courts have said that "in the absence of express declaration, the law presumes that the Act did not intend to make any change in the common law, for if the legislature had that design they would have expressed it": Buradus v. General Cement Products Co., 159 Pa. Superior Ct. 501, 506, affirmed on the opinion of the Superior Court in 356 Pa. 349.

Having failed to use plain and unmistakable language indicating its intention to change the universal rule of parliamentary and common law, it is the duty of the court to hold that the word "majority" was used by the legislature in accordance with the way in which the word had been hitherto understood. And that, as a result, the use of such word in section 306 of the Salary Board Act of 1947, supra, has reference to a majority of a quorum of the salary board. Therefore, we find that the resolution of the Salary Board of Cambria County dated May 4, 1949, whereby Dennis Westrick was employed at the Cambria County Home as assistant superintendent at a salary of $200 a month, to be effective May 15, 1949, was a valid and legally binding act of the salary board, and Dennis Westrick should be carried on the salary list of the county institution district at the salary specified in the resolution.

We, therefore, enter the following

### Decree

And now, August 8, 1949, after argument and upon due consideration, it is hereby ordered and decreed that judgment be entered in favor of plaintiffs and that defendant as County Controller of Cambria County place the name of Dennis Westrick upon the list of employes of the Cambria County Institution District as assistant superintendent of the county

home at a salary of $200 per month beginning May 15, 1949, and that his salary from that date be paid to him from the funds of the county in the hands of the Cambria County Institution District.