■ EVANGELINE F. CLARK, Respondent, v. FREDERICK D. CLARK, SR., Appellant.— Appeal from an order of a Special Term, Supreme Court, Schenectady County. This action by a wife for a judicial separation on the ground of abandonment and nonsupport has been pending since December, 1959. The order granting temporary alimony and counsel fees was entered April 14, 1960. Although we are of opinion the alimony of $10 a week in addition to the $18 payable by the Children's Court order was reasonable on its face until there could be full examination into the merits of the controversy and the actual financial circumstances of the parties, such plenary inquiry to be afforded by trial should not be delayed, and the action should be brought immediately to trial. If the action is not disposed of by May 1, 1961, defendant may move to modify the order in respect to alimony. The direction for counsel fees by the order of April 14, 1960 seems justified. Order unanimously affirmed, without costs.

■ In the Matter of DAVID WASSERMAN, Petitioner, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— This is a proceeding under article 78 of the Civil Practice Act to review a final determination of the Board of Regents revoking petitioner's license to practice medicine. Petitioner was charged with fraud or deceit in the practice of medicine in that he submitted to an attorney false medical reports and false bills to assist the attorney in making false claims for personal injuries. Petitioner was also charged with unprofessional conduct in the practice of medicine in that he entered into an illegal conspiracy, scheme and agreement with an attorney whereby false and fraudulent medical bills and reports were prepared. A subcommittee of the Medical Grievance Committee conducted hearings and has found the petitioner guilty as charged. The Committee on Grievances and the Regents' Committee on Discipline unanimously confirmed the findings of the subcommittee. There is ample evidence in the record to sustain the determination. Petitioner has been found guilty of very serious charges, and we may not say that the revocation of petitioner's license was an abuse of discretion which warrants interference by this court. The circumstances surrounding this case are very similar to those in *Matter of Shaw* v. *Board of Regents* (13 A D 2d 589). Petitioner also contends that the findings, determination and recommendation of the Committee on Grievances are void because it was the unanimous decision of only 9 members of the committee whereas subdivision 1 of section 6515 of the Education Law provides that the committee shall consist of 10 members and subdivision 4 provides for an unanimous vote to find a practitioner guilty. Such a contention is without merit. The record clearly shows that there was an unfilled vacancy on the committee as the result of the death of a member. Subdivision 9 provides that, "A quorum of the committee shall consist of six members". Here all 9 members participating voted that petitioner was guilty of the charges and voted for the recommended discipline. The unanimous vote of a committee consisting of more than a legal quorum is a unanimous decision. (Cf. *Harroun* v. *Brush Elec. Light Co.,* 152 N. Y. 212.) Determination unanimously confirmed, without costs.