FILED 168
Mr. Jerome E. Brant County Counselor, Clay County 17 East Kansas Street Liberty, Missouri 64068
Dear Mr. Brant:
This opinion is in response to your question asking:
 "Is the `unanimous vote' of the County Court as required by Section 50.540 R.S.Mo. for the transfers out of the emergency fund under the County Budget Law a requirement of a unanimous vote of all of the members of the County Court, or is it a requirement for a unanimous vote of those present and voting at a County Court session?"
The provision of subsection 4 of Section 50.540, RSMo, to which you refer, provides:
 ". . . At any time during the year the county court in counties of class one may make transfers from the emergency fund to any other appropriation, and in counties of classes two, three and four the county court may make these transfers on recommendation of the budget officer; but the transfers in all classes shall be made only for unforeseen emergencies and only on unanimous vote of the county court."
We find no definition in the Missouri statutes with respect to the words "unanimous vote" as used in subsection 4 of Section50.540, RSMo, nor do we find any Missouri court decision in point. However, the Court of Common Pleas of Ohio in Seyler v. Balsly,210 N.E.2d 747 (Ohio 1965), held that the vote of two members of the board of county commissioners in favor of rezoning was a unanimous vote of the board as required by statute where the third member was absent and not voting. In reaching this conclusion the court followed the reasoning of the Court of Appeals of Kentucky in Gumm v. City of Lexington, 56 S.W.2d 703 (Ky. 1933), in which the Kentucky court construed a Kentucky statute which provided that no change or alteration may be made in any prior adopted zoning division over the protest of property owners unless the change is adopted by the unanimous vote of the commission. The Kentucky court decided that the requirement of that section is satisfied if a quorum is present and the action taken is approved by all of the members present. Further, the Supreme Court of Errors of Connecticut in Strain v. Mims, 193 A. 754 (Conn. 1937), held that where a statute requires a unanimous vote the courts have generally held it to be sufficient if all of those members at a meeting duly called constituting a quorum vote in favor and if there is no other provision to indicate a contrary legislative intent. In the Strain case there was found to be contrary legislative intent; and, therefore, because of the particular language used in the statute, the court held that the rule followed by the Kentucky Court of Appeals in Gumm was not applicable.
It has further been held by the Supreme Court of New Jersey in Crickenberger v. Town of Westfield, 58 A. 1097 (N.J. 1904), that where a statute requires the unanimous vote of all of the members
of the council to pass an ordinance the words mean that the votes of all of the members constituting the council and not the unanimous vote of the quorum or of all the members present are required.
In Section 50.540, RSMo, there is no language indicating a legislative intent that a unanimous vote of all the members of the court is required, nor obviously is there any statutory phraseology expressly requiring a vote of all of the members. By comparison, Section 64.670, RSMo, with respect to zoning regulations in second and third class counties, requires a favorable vote of all of the members of the county court with respect to certain zoning amendments.
Therefore, we are of the view that the words "unanimous vote of the county court" as provided in subsection 4 of Section 50.540
means that all three judges must vote in favor of the transfer if all three members of the court are present and voting, but that where only two members are present the unanimous favorable vote of both of the members meets the requirements of the statute.
You ask concerning the effect of the abstention from voting of one of the members present. Where three judges are present and one member remains silent, the silent member is regarded as voting with the majority, Mullins v. Eveland, 234 S.W.2d 639
(K.C.Mo.App. 1950); Bonsack Pearce v. School Dist. of Marceline,49 S.W.2d 1085 (K.C.Mo.App. 1932). We are of the view that this rule also applies in the situation you present and that where one member remains silent and two members vote in favor of the proposition, the silent member's vote is taken as affirmative and the requirements of a unanimous vote are met.
We also point out that it is our view that the Bonsack rule does not apply where the member abstains for good cause, such as where he wishes to avoid a conflict of interest. In such a case, the abstention could not be counted as a vote. And, where a unanimous vote is required, such as in the present case, only the unanimous vote of the members voting should be considered where one member abstains for good cause.
CONCLUSION
It is the opinion of this office that the provision in subsection 4 of Section 50.540, RSMo, of the County Budget Law, which requires a unanimous vote of the county court to approve an unforeseen emergency transfer of funds from the emergency fund to another appropriation means that both judges must so vote if only two judges are present and that if all three judges are present, a yes vote by all three judges or a yes vote by two judges and silence by one judge constitutes a unanimous vote.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Yours very truly,
 JOHN C. DANFORTH Attorney General