Section 1, chapter 300, Laws of 1865 (page 483), conferred power upon the board of town auditors of the town of Middletown (the defendant) to cause to be lighted with gas any and all the streets of the town, whenever they deemed the same necessary. Section 2 required such board, whenever they deemed it necessary to have any of the streets so lighted, to contract with the plaintiff for furnishing and laying down the necessary gas pipes, and for the furnishing and erection of lamp posts and all the appliances for burning gas in the streets, and for furnishing gas for the same. Under this authority the contract sued upon was entered into, which, among other things, provided for the furnishing of gas by the plaintiff, for the lighting of certain streets of the defendant, for the term of five years. This act was unconditionally repealed by chapter 730, Laws 1866 (vol. 2, 1564), which took effect April twentieth of that year. The action was brought by the plaintiff to recover for gas furnished in 1870, as claimed in the complaint, under the contract made with the board of town auditors in 1865. The first inquiry obviously is, whether this contract was valid for the five years. If it was, neither the legislature nor the board of town auditors of the defendant could do any thing to impair its obligation, as that would come within the prohibition of the Constitution of the United States. (Van Hoffman v. The City of Quincy, 4 Wall., 535; also cases cited in opinion of STRONG, J., in Olcott v.Supervisors, 16 id., 678.) *Page 232 
The defendant was a municipal corporation, created by law for certain local governmental purposes, authorized to exercise such powers only as were conferred upon it by law. Prior to the passage of the act of 1865, it had no power to cause any of the streets of the town to be lighted with gas, or in any other way. By that act such power was conferred upon the defendant. For what term? The learned counsel for the appellant insists for the term of five years at least, for which the contract was entered into by the plaintiff with the town auditors to furnish the gas, and that during this time the legislature had no power to relieve the town, or any part of it, from the expense of lighting all the streets embraced in the contract, whatever the necessity for such relief might be. If the board of town auditors could deprive the legislature of this power for five years, by entering into a contract with the plaintiff for that time, it might for 100 years, by contracting for that period. I think it entirely clear that no such power was conferred by the act upon the town auditors. The power so conferred was like the other powers conferred upon the officers of this and the other towns of the State, subject to modification or repeal by subsequent legislation, and that the town auditors could not, by any contract, prevent or at all control the action of the legislature in this respect. It follows that the town auditors could only contract for a supply of gas for lighting the streets, or any of them, for such time only as the power so to light them was conferred upon them by law; and having no authority to contract beyond this, the contract entered into with the plaintiff for five years was not authorized by the act, and became void when the power to light the streets was taken away by the repeal of the act of 1865 by that of 1866.
There is another ground upon which I think it equally clear that the plaintiff cannot recover upon the contract. Under the act of 1865, the existing board of town auditors had no power, once for all, to determine that certain streets should be lighted for a great number of years, and deprive those who should succeed to their places of all control over the subject, by entering into a contract with the plaintiff for this *Page 233 
long term. An examination of the act shows that it was intended to vest a discretion at all times in the board, whether any and which of the streets should be lighted with gas. The board could, therefore, contract for a supply only during its pleasure. When a majority, either from a change of views of its existing members or the opinion of some of their successors, thought it best to discontinue the light in some or all the streets, they could not be divested of the power so to do by a previous contract entered into for a supply of gas.
It appears that in 1866, shortly after the passage of the act repealing that of 1865, the legislature, by a special act, incorporated the village of Edgewater, including therein a portion of the territory of the defendant, with other territory, and made provision for lighting the streets of the village. Unless this is held void, which we have seen cannot be, it furnishes another insuperable obstacle to the plaintiff's recovery upon the contract.
The plaintiff's complaint was properly dismissed, and the judgment of the General Term, affirming the judgment entered thereon, must be affirmed, with costs.
CHURCH, Ch. J., ALLEN and JOHNSON, JJ., concur in result on first ground taken in the opinion. FOLGER, RAPALLO and ANDREWS, JJ., concur in the result, on the ground that the remedy of the plaintiff was by mandamus to the supervisor of the town and the board of supervisors of the county, and do not pass upon the questions discussed in the opinion.
Judgment affirmed.