(65 App. Div. 180.)

### HENDERSON v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.  November 8, 1901.)

TOWNS—CONTRACTS—ANNEXATION TO CITY—SERVICES AFTER ANNEXATION.

> Laws 1895, c. 934, which annexed the town of Westchester to the city of New York, provided that nothing in the act should impair the obligation of any contract, and that the property of the inhabitants of the territory annexed by the act should continue liable to the creditors of such town. *Held*, that where prior to the taking effect of the statute the town of Westchester authorized the town attorney, if the statute became a law, to bring proceedings to determine its validity, which the attorney did, he could not recover for his services from the city of New York, inasmuch as the statute only made the city liable in cases where the town was liable when the act took effect, and the resolution contemplated that no services were to be rendered until the act became a law.

Appeal from judgment on report of referee.

Action by Henry C. Henderson against the city of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

J. Rider Cady, for appellant.
Theodore Connoly, for respondent.

McLAUGHLIN, J.  On the 3d of June, 1895, the board of town auditors of the town of Westchester, in the county of Westchester, in the state of New York, passed the following resolution:

> "Whereas, the legislature of this state has passed an act annexing the town of Westchester to the city of New York, which said bill is now before the governor, awaiting his action thereon, and in case the said bill shall receive the approval of the governor it is desirable that the validity and effect thereof shall be judicially determined: Therefore, resolved, that H. C. Henderson, Esq., counsel to the town, be, and he hereby is, authorized and directed to take such proceedings and to bring and defend such actions as to him seem best for the purpose of having judicially determined the validity and effect of the act annexing this town to the city of New York, and he is hereby authorized to engage counsel in behalf of the town to assist in such proceedings or actions."

Three days after the resolution was passed the act of the legislature referred to became a law by the approval of the governor of the state, and thereafter, between that date and the 15th of October following, the plaintiff, as an attorney and counselor at law, in pursuance of the resolution brought an action to test the validity of the act; and the services rendered and disbursements made by him therein, according to the allegations of the complaint, were of the value and amounted to the sum of $10,000, to recover which this action was brought. The defendant in its answer denied the right of the plaintiff to recover, and alleged, in substance, that by the terms of the act (chapter 934, Laws 1895) all offices, employment, and boards of commissioners in the town of Westchester were abolished, and the plaintiff's employment was terminated. Upon the trial the value of the plaintiff's services and the amount of disbursements made by him were conceded,—at least, they were not disputed,—and the only

72 N.Y.S.—39

question litigated was whether there was any legal obligation upon the city of New York to pay for the same. The referee found that the services were rendered and disbursements made in pursuance of the resolution; that the contract was for services to be performed after the town, as a corporation, had ceased to exist, and for that reason there was no legal obligation resting upon the city to pay any sum whatever. Judgment was thereafter entered in accordance with the decision, dismissing the complaint with costs, from which the plaintiff has appealed.

The act referred to contained, among other provisions, the following:

"Nothing contained in this act shall impair the obligation of any contract and the property of inhabitants of the territory annexed by this act to the city and county of New York shall continue liable to the creditors of the several towns and colleges respectively and of the county of Westchester in like manner as if this act had not been passed."

Under this provision the appellant attacks the judgment, and insists that the same should be reversed for the reason that a liability under it was imposed upon the city to pay what the town of Westchester would have been obligated to pay had the act been adjudged unconstitutional. In this we cannot concur. A town, as a corporation, exists solely by virtue of the legislative will. It comes into existence by virtue of its fiat, vested with certain powers relating to self-government, but subservient in all cases to the general government; that is, the state. As against the town itself, its boundaries may be changed at the pleasure of the legislature (Morford v. Unger, 8 Iowa, 82; Ham v. Sawyer, 38 Me. 37), or they may at any time be extended, restricted, or the town itself destroyed, by consolidating it with another town or municipality, and this without even the request or consent of any of the inhabitants. Cooley, Const. Lim. (6th Ed.) 228; Town of Mt. Pleasant v. Beckwith, 100 U. S. 515–524, 25 L. Ed. 699; Dill. Mun. Corp. (4th Ed.) § 54, and cases cited. The objects and purposes of a town are to exercise and discharge duties of local self-government, and nothing else. It cannot expend money for any other purpose, and in this it is limited by the legislative will. When a town ceases to exist, that moment the object and purpose for which it was created also cease to exist, and there is no power by which money can thereafter be taken from taxpayers for any purpose whatever. If this be true, then, when the act of 1895 became a law, inasmuch as the town had ceased to exist by virtue of that act, the power to incur prospective or future obligations was thereby terminated, and services thereafter rendered or disbursements made were without authority of law; and it can no more be said that the city of New York, to which the territory of the town was annexed, is liable for any ineffectual service rendered in trying to resuscitate or bring the town back to life, than it could be said that the city would be liable for services rendered and disbursements made in trying to create a new and imaginary town out of a portion of its boundaries. The resolutions of the board of town auditors, it must be remembered, contemplated services to be rendered and disbursements to be made only in case the act of the leg-

islature became a law (that is, only after the town had ceased to exist); and whatever was done by the plaintiff was done after that act had in fact become a law. This the plaintiff knew. The section of the act referred to only made the city liable in cases where the town at the time the act took effect was liable. There was no obligation on the part of the town at the time the act took effect to pay the plaintiff anything, inasmuch as the resolution contemplated that he was to render no service—in fact, that he was not to do anything—until the act became a law. Therefore it necessarily follows that there is now no obligation on the part of the city to pay for services thereafter rendered in trying to have that act established unconstitutional. The case of Coolidge v. Inhabitants of Brookline, 114 Mass. 592, is directly in point. There the plaintiff was employed as counsel to oppose·before a legislative committee the ·annexation of a part of the town of Brookline to the city of Boston. An injunction was sought to restrain the town from paying the counsel thus employed, and the court said:

"Here the simple question is, has this town any right to its present territorial limits, which it has a corporate duty to defend, as against the action of the sovereign power from which it derives its existence, and by which it is invested with certain subordinate powers of government for local purposes over a territory? * * * As against the government itself, such right is in no sense vested, and no consequent duty is imposed on a corporation to resist the change. * * * We are clearly of the opinion that a town has no corporate duty to defend its boundaries or its existence before the legislature, and therefore has no right to tax its inhabitants therefor."

See, also, Inhabitants of Westbrook v. Inhabitants of Deering, 63 Me. 231; Board v. Taylor, 123 Ind. 148, 23 N. E. 752, 7 L. R. A. 160. ,

And our courts, so far as they have had occasion to express an opinion on the same or similar subjects, are in accord with these decisions. Richmond County Gaslight Co. v. Town of Middletown, 59 N. Y. 228; Morson v. Town of Gravesend, 89 Hun, 52, 35 N. Y. Supp. 94.

Our conclusion, therefore, is that there is no liability resting upon the defendant to pay the plaintiff's claim, and for that reason the judgment appealed from must be affirmed, with costs. All concur.