# PEDER B. JENSEN v. INDEPENDENT CONSOLIDATED SCHOOL DISTRICT NO. 85, HENNEPIN COUNTY AND OTHERS.[1]

July 18, 1924.

No. 24,241.

**Superintendent of independent school district.**

1. A superintendent of an independent school district is a member ex officio of the board, but is not included in the word "member" as used in subdivision 4, § 2752, G. S. 1913.

**Quorum of school board.**

2. In such district the majority of the board constitutes a quorum, and the act of the majority of the quorum is the act of the board.

**Chairman's act equivalent to voting.**

3. When five members are present, two members vote for and two members vote against a motion, the chairman, by declaring the motion carried, casts his vote in the affirmative, though he did not previously formally declare his vote.

**Employment lasts during pleasure of board.**

4. A superintendent for such school district may be employed only during the pleasure of the board.

**Action by taxpayer to prevent employment will not lie.**

5. A taxpayer cannot maintain an action to prevent such school district from making a contract of employment with a certain person as superintendent.

Action in the district court for Hennepin county to enjoin defendant school district from making a certain contract employing a superintendent of its schools. From an order, Dickinson, J., denying his motion for a temporary injunction, plaintiff appealed. Affirmed.

*Jesse Van Valkenburg,* for appellant.

*Mead & Bryngelson* and *Beth Bryngelson,* for respondents.

[1]Reported in 199 N. W. 911.

WILSON, C. J.

This action is brought against a consolidated school district and certain persons, by a tax-paying resident therein, to enjoin the school district from making a contract employing a superintendent of its schools on the ground that a person named already holds a contract with the district to serve in such capacity during the same period of time, and that the making of the second contract will incur an unnecessary expense to the damage of plaintiff for which he will have no adequate remedy at law. Plaintiff appeals from an order denying his motion for a temporary injunction made pursuant to an order to show cause.

On April 2, 1923, the school district made a written contract with one Pinney, employing him as superintendent for the term of 36 months commencing on August 1, 1923. On March 1, 1924, at a meeting of the school board of said district, 5 members being present, a motion was made declaring said contract void and annulled. Two members voted for and 2 against this motion; and the chairman, without formally declaring his vote, announced the motion carried. At a subsequent meeting on April 12, 1924, a motion to the effect that the secretary write the superintendent that his services would not be required after August 1, 1924, was carried. At the same meeting the board decided to elect defendant Anderson as superintendent.

Is the contract with Pinney valid and binding for its full term? The school is a consolidated school and is, under the statute, an independent school district. Section 3, c. 387, p. 549, Laws 1917; 1917 Supplement to G. S. 1913, § 2696. Being such, its board consists of 6 directors. Section 2733, G. S. 1913. "They may also elect a superintendent who shall hold office during the pleasure of the board. He shall be ex officio a member of the board, but not entitled to vote therein." Section 2734, G. S. 1913. The statute authorizes a contract with a teacher (section 2832, G. S. 1913), but a superintendent is not a teacher within the meaning of the term as used in the statute. The law regulating the employment and discharge of the one does not relate to the other. Among the powers

of the board is included subdivision 4 of section 2752, G. S. 1913, which reads as follows:

"Remove for proper cause any member or officer of the board, and fill the vacancy; but such removal must be by a concurrent vote of at least four members, at a meeting of whose time, place, and object he has been duly notified, with the reasons of such proposed removal, and after an opportunity to be heard in his own defense."

Appellant claims that, because the superintendent is ex officio a member of the board, he is a member in the language and spirit of the statute quoted and that he can be removed only as therein provided. In the sense as used in the statute the word "member" does not include a "member ex officio." Statutes must be so construed as to give effect to the obvious legislative intent. If he was a "member" he should be given the right to vote, and if he was to be included in that term he would have been given a standing of equality with the other members. The members are elected. They choose a superintendent. He may not be qualified to hold the office of a member of the board. In many cases he is not a voter in the district. His ex-officio membership is clearly a limited one and is to exist as the term indicates by virtue of the office of superintendent which he holds. He is such member for advisory purposes and to keep in touch with the affairs of the district. He is to be such ex-officio "member" "during the pleasure of the board." He is not included in the statute above quoted and the procedure therein specified does not apply to his removal. Miller v. Chance, 3 Ed. Ch. (Ann. ed.) 421; People v. Bresler, 70 App. Div. 294, 75 N. Y. Supp. 209.

A majority of the school board constitutes a quorum. Section 2745. When a quorum is present the act of the majority of the quorum is the act of the board. U. S. v. Ballin, 144 U. S. 6, 12 Sup. Ct. 507, 36 L. ed. 325; Zeiler v. Central Ry. Co. 84 Ind. 304, 35 Atl. 932, 34 L. R. A. 469; State v. McBride, 4 Mo. 303, 308, 29 Am. Dec. 636; Southworth v. Palmyra & J. Ry. Co. 2 Mich. 287; Green v. Weller, 32 Miss. 650, 700.

We have no hesitation in holding that the motion of the March 1, 1924, meeting was duly carried. At the meeting of April 12, 1924,

a quorum was present and they by a majority vote released the superintendent, if the board possessed that power.

There should be some restriction on the power of the board to employ superintendents for long periods of time, or otherwise the board might tie the hands of its successor and wrest from the control of the people the school which they are required to support. Moreover, a sound public policy requires that there should be a way of promptly dispensing with a superintendent who is not working in harmony with the board. The members of the board are the representatives of the people, and the power of control should rest with them. They are responsible for the results, and they properly are given the power to summarily release a superintendent. This avoids litigation which would naturally tend to disorganize the school administration to the detriment of its service. The language of the statute "during the pleasure of the board" is susceptible of but one meaning, and that is that the board may discharge the superintendent whenever, in its discretion, it wishes to do so. State v. City St. Paul, 81 Minn. 391, 395, 84 N. W. 127, 1116; Commonwealth v. McGann, 213 Mass. 213, 100 N. E. 355; Weatherly v. Mayor (Tenn.) 48 S. W. 136, 139; London v. City of Franklin, 118 Ky. 105, 80 S. W. 514. Some courts hold that all employes in public service are subject to this same rule. Abrams v. Horton, 18 App. Div. 208, 45 N. Y. Supp. 887; People ex rel. Cline v. Robb, 126 N. Y. 180, 27 N. E. 267; Connelly v. Commissioners of Almshouse, 32 Misc. 489, 66 N. Y. Supp. 194.

Under the National Banking Act (section 5136, 6 Fed. Ann. St. p. 654), a banking corporation has power to elect a president, vice president, cashier and other officers and "dismiss them at pleasure." The meaning of this language and the language of the statute now before us is substantially the same. This right which the board has to release the superintendent at its pleasure is a public right and exists for a public purpose. The school board cannot by contract deprive itself of such right. Under our statute the district has in its discretion the inalienable power to remove the superintendent at any time. It cannot contract to keep him in office for any time certain. It cannot renounce or agree not to exercise its

power of removal at pleasure. State ex rel. Townsend v. Board of Park Commrs. 100 Minn. 150, 110 N. W. 1121, 9 L. R. A. (N. S.) 1045; Long v. City of Duluth, 49 Minn. 280, 51 N. W. 913, 32 Am. St. 547; State v. St. Paul City Ry. Co. 78 Minn. 331, 339, 81 N. W. 200; City of Danville v. Danville Water Co. 178 Ill. 299, 313, 53 N. E. 118, 69 Am. St. 304; Richmond County Gas Light Co. v. Middleton, 59 N. Y. 228; Nash v. Lowry, 37 Minn. 261, 33 N. W. 787. Under such condition it is rather inconsistent to contract for a fixed term. Yet if there is a fixed term it is impliedly subject to recall and the fixed term is the time the superintendent will hold his office if the power to recall is not exercised. Rankin v. Tygard, 119 C. C. A. 591, 198 Fed. 795.

To hold that the contract in question is binding for the fixed term, would be to allow the school board to deprive itself and its successors of governmental powers which have been granted to it by the legislature for public purpose. We are led to the conclusion that the Pinney contract for 3 years is not binding for the fixed term, but is subject to recall. He may be employed as superintendent only during the pleasure of the board. These rules of law incorporated themselves into and became a part of his employment by the board and he was, in law, bound to take notice thereof. He has been discharged, and the board was within its legal rights.

Plaintiff attempts to prosecute this action by virtue of being a taxpayer in the district. A taxpayer might restrain the district from making illegal contracts. 2 Dunnell, Minn. Dig. § 4480; 22 Cyc. 910.

The plaintiff cannot by the extraordinary remedy of injunction compel the school board to keep one employe and enjoin it from employing another employe. Neither can the board be enjoined from violating its contract with a person for his personal services as a teacher. Schwier v. Zitike, 136 Ind. 210, 36 N. E. 30. Case of Mary Clark, 1 Blackf. (Ind.) 122; 5 Lawson, Rights, R. & P. § 2595; 10 Am. & Eng. Enc. 948 (2d ed.); Columbus Baseball Club v. Reiley (Ohio), 25 Weekly Law Bulletin 385. All that plaintiff can require is that the school be open under competent teachers as provided by law and that all children be afforded equal educa-

tional facilities. He has no authority to prevent the employment of a particular competent teacher. School Dist. v. Carson, 9 Colo. App. 6, 46 Pac. 846; Greer v. Austin, 40 Okla. 113, 136 Pac. 590, 51 L. R. A. (N. S.) 336; 35 Cyc. 1077.

If a taxpayer could maintain a suit of such character, and this action is of that kind, the conduct of schools would become impossible. The superintendent himself could not maintain such action. We see no reason why a taxpayer could perform that feat for him. To permit the taxpayer to do so would be to permit that to be done by indirection which could not be done directly. Nor should the taxpayer be permitted to do so for himself. Contracts for personal services or personal skill will not be enforced, nor will the putting an end to such contracts be restrained. This is especially true when the employment involves public interest, and relates, as it does here, to matters which are purely administrative in character. The plaintiff as a taxpayer cannot maintain this action.

Order affirmed.