### EDWIN L. MacLEAN v. W. M. LASLEY.[1]

October 17, 1930.

No. 28,130.

*Sweet, Johnson & Sands,* for appellant.
*Edwin L. MacLean,* pro se.

[1]Reported in 232 N. W. 632.

WILSON, C. J.

Defendant appealed from an order denying his motion, made on special appearance, to set aside the service of a summons and complaint.

Plaintiff caused the summons and complaint with a letter and statement to be inclosed and sealed in an envelope addressed to defendant at his residence street number, marked "personal," and to be left with a maid in defendant's home. Proof of service was made in the usual form and filed. Defendant was absent. He had authorized his son living in the same city but not in the same home to open his mail. The complaint with inclosures was given to the son, who opened it and learned its contents. The information was passed on to the defendant.

It is clear that the proof of service was made in statutory form. It is equally clear that the statutory substituted personal service was technically made. The only criticism is that the legal papers were inclosed in the envelope. As to such procedure the statute is silent. The writing on the envelope was unobjectionable.

In making such substituted service there must be a strict compliance with the statute. The necessity of the statutory service is not dispensed with by the mere fact that defendant may in some way learn of the existence of the papers and an attempted service. On the other hand, if there has been legal substituted service it is immaterial whether defendant has had actual knowledge thereof. In the instant case we have the legal service plus defendant's knowledge thereof. Since the unusual practice of sealing the papers in the envelope has in no way destroyed the effect of the legal service, we hold the service valid. Had the sealing of the envelope prevented defendant's seasonable knowledge of the service, we would hold the service invalid notwithstanding the general rule that it is immaterial whether defendant has actual knowledge of such substituted service. A plaintiff cannot be permitted to resort to such unusual, unnecessary and unauthorized acts to the detriment of his adversary. See McElrath v. McElrath, 120 Minn. 380, 139 N. W. 708, 44 L.R.A. (N.S.) 505.

Affirmed.