## S. G. GILBERTSON v. INDEPENDENT SCHOOL DISTRICT NO. 1, WILKIN COUNTY.[1]

June 14, 1940.

No. 32,496.

*Leo A. Reuther,* for appellant.
*Oscar Hallam,* for respondent.

STONE, JUSTICE.

Action for breach of contract, tried without a jury. Plaintiff prevailed. Defendant appeals from the order denying its alternative motion for amended findings or new trial.

Plaintiff was employed by defendant under written contract bearing date of April 6, 1938. Thereunder he became superintendent of schools at Breckenridge. His salary was fixed at

[1]Reported in 293 N. W. 129.

$2,600. The contract is governed by the general school tenure law, L. 1937, c. 161, 3 Mason Minn. St. 1940 Supp. § 2903, *et seq.* It declares that such a contract shall continue "until terminated by a majority vote of the full membership of the school board or by the written resignation of the teacher before April 1. Such termination shall take effect at the close of the school year in which the contract is terminated."

March 30, 1939, at a special meeting of the board called for the purpose of reëlecting teachers, a motion was made that plaintiff "be reëlected for the coming year at a salary of $2,600." That motion was lost by a vote of four to two.

All the other members of the board had written notice of that meeting. There is testimony by the secretary that plaintiff had telephone notice of it. Notwithstanding, there is a finding that he "was not notified in any manner of the calling of said meeting, and had no opportunity to be present at said meeting, and was not present at said meeting."

■ The statute, 3 Mason Minn. St. 1940 Supp. § 2807, declares that a superintendent of schools such as plaintiff "shall be ex-officio a member of the board, but not entitled to vote therein." That puts him in an anomalous position, for about the only function of members is to vote at board meetings. In Jensen v. Independent Cons. School Dist. No. 85, 160 Minn. 233, 235, 199 N. W. 911, 912, we held that the superintendent was not a member of the board for purposes of removal. We considered his membership to be a "limited one * * * for advisory purposes."

We pass the obvious impropriety of plaintiff's participating as a member of the board in action pertaining to his own contract. We hold that inasmuch as, in any event, he has no right to vote as a member, the failure to give him notice of the meeting of March 30, 1939, did not affect the validity of its proceedings. At best, his function as member *ex officio* is limited by statute to that of a counselor. It was certainly not the intention of the statute that school board meetings could not be held without notice to the superintendent. To hold otherwise,

to say that absence of such notice would nullify all proceedings of the meeting, would be to reach an absurdity of conclusion such as it cannot be supposed the legislature could have intended.

■ We consider unsound the argument that action taken by the board on the question of plaintiff's reëlection did not amount to a formal and effective termination of the contract. That action was had and notice thereof given to plaintiff before April 1. Thereby the contract came to an end.

Members of school boards are laymen. Anyway, they are not lawyers, and it is not permissible to apply to the formal record of their action any standard of legalism so precise and narrow as to thwart a lawfully and clearly expressed purpose.

The proposition put to the board, and acted upon in the negative, was that plaintiff "be reëlected for the coming year at a salary of $2,600." That is, the motion was to reëlect him at the salary fixed by his contract. Put another way, it was to continue that contract. An incorporeal right, such as that of contract, simply ceases to exist when competent power refuses to continue it. The effect of such refusal is automatic and instantaneous. So, the negative vote was a refusal to continue plaintiff's contract and in consequence a dismissal of him. That is the only reasonable inference from the board's action.

It was promptly followed by formal notice from defendant's secretary to plaintiff that he was not "elected" for the ensuing school year. Plaintiff wants us, by construction, to annul what was so plainly meant to be effective official action. We decline to do it. Negative in form, that action was affirmative in effect, because it terminated the contract. True, as argued for plaintiff, mere failure so to act as to renew a contract does not constitute dismissal of a teacher. That proposition implies non-action. Here there was action, not only significant, but unequivocal.

It matters not that defendant's record of its action concerning plaintiff's contract speaks in terms of election and reëlection. Traditionally, the process of selecting teachers by school boards has been spoken of as one of election and the failure to

reëmploy as a refusal to reëlect. We followed that terminology in Downing v. Independent School Dist. No. 9, 207 Minn. 292, 291 N. W. 613. Other courts have long done the same. See Marion v. Board of Education, 97 Cal. 606, 32 P. 643, 644, 20 L. R. A. 197. The determinative question is one of intention. What did defendant's board mean by refusing to reëlect plaintiff? The answer is that they meant just what they said, and the refusal to reëlect was simply a decision not to reëmploy under the pending contract or any other. Under the statute, there was nothing objectionable about it either in form or substance.

Our disposition of the case makes unnecessary consideration of other issues that have been argued. But there is one we prefer not to pass without comment. We have styled the action one to recover money for breach of contract. There was in addition a prayer for a declaratory judgment to establish the contract and declare plaintiff's rights under it. All that would have to be done in order to award him his wanted recovery of money. Because of the prayer for a declaratory judgment, the action was considered below one of mixed legal and equitable content, and so a jury trial was denied defendant. That action has been assigned as error. Because our decision is on other grounds and final, discussion of defendant's right to trial by jury would be *obiter*. But we think this much of caution is justified. Care should be taken not to permit any mere label which counsel in their pleadings attempt to put upon a lawsuit to result in the denial of the constitutional right to jury trial if the real nature of the action is such as to give a litigant that right.

The order is reversed with directions to enter judgment for defendant.

So ordered.