GORDON GENE OBERMEYER v. SCHOOL BOARD, INDEPENDENT SCHOOL DISTRICT NO. 282.

251 N. W. 2d 707.

March 11, 1977—No. 46897.

*Wetherbee & Baker*, and *Jack Baker*, for appellant.
*Peterson, Popovich, Knutson & Flynn* and *James E. Knutson*, for respondent.

---

PER CURIAM.

Appellant, Gordon Gene Obermeyer, appeals from an order of the district court quashing a writ of certiorari for lack of jurisdiction. We affirm.

On July 29, 1975, respondent school board passed a resolution proposing to immediately discharge appellant from his employment as a teacher in the school board's district. Minn. St. 125.12, subd. 8. The resolution provided that appellant be given notice of the proposed discharge and his right to a hearing. Upon appellant's request, a hearing was conducted on August 20, 1975. Pursuant thereto, on August 22, 1975, appellant was discharged from his employment.[1] The final resolution for discharge was served upon appellant on August 23, 1975.

Appellant then petitioned the district court for a writ of certiorari. On October 22, 1975, 60 days after service upon appellant of the resolution for discharge, the order for the writ and the writ of certiorari were served upon the chairman of the school board, Robert Dircks, by leaving them at Dircks' home with his wife. At no time was the petition, order, or writ served personally upon the chairman, any member of the school board, or the superintendent of schools within the 60-day limitation of Minn. St. 606.02.

Respondent moved the district court to quash the writ of certiorari for lack of jurisdiction upon appellant's failure to comply with the procedural requirements of §§ 606.02; 606.03; and 606.05. The instant appeal followed the order of the district court quashing the writ of certiorari.

The sole issue presented is whether substitute service upon the wife of the chairman of respondent school board is proper within the requirements of § 606.02 and Rule 4.03(e), Rules of Civil Procedure.

Rule 4.03(e), Rules of Civil Procedure, designates those persons capable of accepting service on behalf of the public corporation.[2] Un-

---

[1] This was after his plea of guilty to taking indecent liberties with a minor male student as is more fully detailed in Obermeyer v. School Board, Ind. Sch. Dist. No. 282, 311 Minn. 232, 247 N. W. 2d 919 (1976).

[2] Rule 4.03(e), Rules of Civil Procedure, provides: "Service of summons within the state shall be made as follows:

* * * * *

"(e) Upon a municipal or other public corporation by delivering a

like Rule 4.03(a), which specifically authorizes substitute service upon an individual "by leaving a copy at his usual place of abode with some person of suitable age and discretion then residing therein," Rule 4.03(e) is silent with regard to substitute service.

The policy reflected by the enumeration of designated agents of service is that those persons are capable of and authorized to act on behalf of the corporate body. This policy is not advanced by the attempted service upon the wife of a designated agent.

Therefore, the order of the district court quashing the order for the writ and the writ of certiorari is affirmed. Kenzie v. Dalco Corp. 309 Minn. 495, 245 N. W. 2d 207 (1976).

Appellant also challenges the propriety of the failure of the lower court to conclude as a matter of law that he had satisfied the requirement of § 606.03 that the writ be endorsed by a responsible person as surety for costs. As the lower court order has been affirmed on other grounds, we need not specifically decide this issue.

Affirmed.

---

copy.

"(1)  To the chairman of the county board or to the county auditor of a defendant county.

"(2)  To the chief executive officer or to the clerk of a defendant city, village or borough.

"(3)  To the chairman of the town board or to the clerk of a defendant town.

"(4)  To any member of the board or other governing body of a defendant school district.

"(5)  To any member of the board or other governing body of a defendant public board or public body not hereinabove enumerated.

"If service cannot be made as provided in this Rule 4.03(e), the court may direct the manner of such service."