**Robert BLAINE, Appellant (C9–92–1444),**

**William W. Arndt, et al., Appellant (C0–92–1445),**

**v.**

**ANOKA–HENNEPIN INDEPENDENT SCHOOL DISTRICT NO. 11, Respondent.**

**Nos. C9–92–1444, C0–92–1445.**

Court of Appeals of Minnesota.

April 6, 1993.

Review Denied June 22, 1993.

310

Edwin L. Sisam, Minneapolis, for Robert Blaine, William W. Arndt, et al.

Kevin J. Rupp, Ratwik, Roszak, Bergstrom & Maloney, P.A., Minneapolis, for Anoka–Hennepin Independent School District No. 11.

Considered and decided by LANSING, P.J., and SCHUMACHER and FOLEY,* JJ.

## OPINION

SCHUMACHER, Judge.

Appellants Robert Blaine, William W. Arndt, and John Weins commenced actions against respondent Anoka–Hennepin Independent School District No. 11 by serving respondent's superintendent and interim superintendent of schools. The district court issued orders granting respondent's motions to dismiss for insufficient service of process. Subsequently, the court issued amended orders for judgment of dismissal.

Appellants have appealed from the judgments, claiming they properly served the superintendents of schools. Respondent has moved to dismiss the appeals, claiming appellants should have appealed from the

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn.

Const. art. VI, § 10.

district court's orders of dismissal, rather than from the judgments.

Under the circumstances of this case, we accept the appeals but caution that, in the future, appeals must be taken from orders dismissing for insufficient service of process. We affirm the dismissal of appellants' complaints.

## FACTS

Appellants were employed by respondent. In December 1990, Blaine sued respondent, claiming unfair labor practices, fraud, and breach of contract. Blaine served the summons and complaint on respondent's interim superintendent. In April 1991, Arndt and Weins sued respondent, claiming unfair labor practices and breach of contract. Their joint summons and complaint was served on respondent's superintendent.

In February 1992, respondent brought motions to dismiss both complaints for insufficient service of process. Respondent alleged that appellants had improperly served the superintendent and interim superintendent.

The district court granted respondent's motions and issued orders dated June 15, 1992, dismissing appellants' complaints for insufficient service of process. On June 19, 1992, respondent served appellants with notices of filing of the court's orders.

Subsequently, however, and apparently pursuant to requests by appellants, the district court issued amended orders, again granting respondent's motions to dismiss, but also ordering that judgments be entered. The orders for judgment were issued on June 29, 1992. On July 6, 1992, respondent served appellants with notices of filing of the court's amended orders.

Judgments were entered on July 22, 1992. On August 3, 1992, appellants filed and served notices of appeal from the judgments. This court consolidated the appeals by order dated August 7, 1992.

## ISSUES

1. Are these appeals improperly taken from the judgments rather than the original orders of dismissal?

2. Does service of process on a school superintendent constitute adequate service on the school district?

3. Did respondent have actual notice of appellants' lawsuits, thereby rendering service effective?

4. Is respondent estopped from denying its superintendents' authority to accept service of process?

5. Should this court grant respondent's motion to strike portions of appellants' reply brief?

## ANALYSIS

1. Respondent argues that the June 15 orders were appealable, and that appellants should not have appealed from the subsequent judgments. We agree.

▉ The rules of civil procedure provide for motions to dismiss for insufficient service of process (Minn.R.Civ.P. 12.02(d)) and motions to dismiss for lack of jurisdiction (Minn.R.Civ.P. 12.02(b)). An appeal must be taken from an order dismissing for lack of jurisdiction because the district court lacks jurisdiction to enter a judgment. *See* Minn.R.Civ.App.P. 103.03(e) (appeal may be taken to court of appeals from an order which "determines the action and prevents a judgment from which an appeal might be taken"). In *Bulau v. Bulau*, 208 Minn. 529, 294 N.W. 845 (1940), the court stated:

> [W]here the dismissal is for want of jurisdiction, we believe that both reason and precedent require our holding that such an order is appealable.

*Id.* 208 Minn. at 530, 294 N.W. at 846. The *Bulau* court cited *Ross v. Evans*, 30 Minn. 206, 14 N.W. 897 (1883), which characterized a court order dismissing an action for lack of jurisdiction as "a final one, which prevented further proceedings in the district court." *Id.* 30 Minn. at 207, 14 N.W. at 897. Thus, such an order precludes the court from taking any further action; the dismissal "does not result in a judgment." 3 Eric J. Magnuson et al., *Minnesota Practice* § 103.10, at 42 (1985).

■ Similarly, we conclude that an order dismissing for insufficient service of process is final and prevents a judgment from being entered. Minn.R.Civ.App.P. 103.-03(e). We can discern no reasonable basis for distinguishing between appeals from dismissals for lack of jurisdiction and appeals from dismissals for insufficient service of process.

In *Hunt v. Nevada State Bank*, 285 Minn. 77, 172 N.W.2d 292 (1969), *cert. denied* 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970), the court addressed various orders granting and denying motions to dismiss for lack of jurisdiction over nonresident defendants. The court acknowledged the right of appeal from an order granting a motion to dismiss, and also concluded that a party could appeal from the denial of a motion to dismiss. The court cited as controlling the following language from *Dieseth v. Calder Mfg. Co.*, 275 Minn. 365, 368–69, 147 N.W.2d 100, 102 (1966):

"[I]t has been the rule of this court * * * that an order denying a motion to quash service of summons is appealable."

*Hunt*, 285 Minn. at 88, 172 N.W.2d at 300 (emphasis in original deleted).

By quoting this language from *Dieseth*, the *Hunt* court appeared to suggest that the requirements for appealing orders regarding service of process and the requirements for appealing orders regarding jurisdiction are equivalent.

Other cases have also suggested that appeals from orders entered pursuant to motions to dismiss for insufficient service of process should be treated the same as appeals from orders regarding personal jurisdiction. In *Plano Mfg. Co. v. Kaufert*, 86 Minn. 13, 89 N.W. 1124 (1902), the court stated:

[T]he defendant * * * appeared specially, and moved the court to set aside the service of the summons upon the ground that it was void, in that it was not directed to the defendant * * *.

* * * * * *

* * * The plaintiff moves this court to dismiss the appeal because the order is not appealable. The motion was, in ef-fect, one which challenged the jurisdiction of the court, for the summons is the notice whereby the defendant is brought into court. If it was void, the court acquired no jurisdiction by the attempted service, and the defendant was entitled to have the action dismissed. The order, then, involved not merely a question of practice or procedure, but the jurisdiction of the court to hear the case on the merits.

*Id.* 86 Minn. at 14, 89 N.W. at 1124; *see also Pugsley v. Magerfleisch*, 161 Minn. 246, 247, 201 N.W. 323 (1924) (court's jurisdiction to enter a judgment may be obtained by serving summons correctly on nonresident defendant); *Amdahl v. Stonewall Ins. Co.*, 484 N.W.2d 811, 814 (Minn. App.1992) ("The determination of whether a summons and complaint is properly served is a jurisdictional question of law"), *pet. for rev. denied* (Minn. July 16, 1992).

The above cases involved service of process on nonresident defendants. Several non-long-arm jurisdiction cases have also suggested that proper service of process is necessary to confer jurisdiction on the district court. *See, e.g., Stransky v. Independent Sch. Dist. 761*, 439 N.W.2d 408 (Minn. App.1989) (affirming dismissal for lack of jurisdiction due to improper service of process in election contest), *pet. for rev. denied* (Minn. July 12, 1989); *Lewis v. Contracting Northwest, Inc.*, 413 N.W.2d 154, 157 (Minn.App.1987) ("The district court properly dismissed appellant's case for lack of jurisdiction due to insufficient service of process"); 1 David F. Herr et al., *Minnesota Practice* § 12.8, at 259 (1985) (motion to dismiss under rule 12.02(4) for insufficiency of service of process alleges that plaintiff has not complied with procedural requirements necessary for court to exercise its power to assert jurisdiction over defendant).

We therefore conclude that orders dismissing for insufficient service of process pursuant to rule 12.02(d) are appealable in the same manner as orders dismissing for lack of jurisdiction pursuant to rule 12.-02(b). Therefore, appellants should have

appealed from the original orders of dismissal and not from the judgments.[1]

■ Before expiration of the time for appeal from the June 15 orders, however, the court amended those orders and erroneously directed entry of judgment, thereby preventing any appeals from the original orders. *See Saric v. Stover,* 451 N.W.2d 65 (Minn.App.1990). According to *Saric,* no appeals from the original orders were possible; appellants' sole recourse was to appeal from the judgments. We therefore accept these appeals from the judgments, but caution the bench and bar that henceforth an appeal from an order dismissing for insufficient service of process must be taken from the order; we will not accept an appeal from a subsequent "judgment" of dismissal for insufficient service of process.

2. The Minnesota Rules of Civil Procedure provide:

Service of summons within the state shall be as follows:

\* \* \* \* \* \*

(e) \* \* \* Upon a municipal or other public corporation by delivering a copy

\* \* \* \* \* \*

(4) To any *member* of the board or other governing body of a defendant school district \* \* \*.

Minn.R.Civ.P. 4.03(e)(4) (emphasis added). Appellants argue that the superintendent and interim superintendent were "members" of the school board and therefore authorized to accept service. Appellants cite the following statutes:

The membership of the school board shall consist of six elected directors to-

gether with such ex officio member as may be provided by law.

Minn.Stat. § 123.33, subd. 1 (1990).

All districts maintaining a classified secondary school shall employ a superintendent who shall be an ex officio nonvoting member of the school board.

Minn.Stat. § 123.34, subd. 9 (Supp.1991).[2]

■ The district court concluded that the superintendents were not members of the school board for purposes of service of process. The district court's conclusion was based upon an interpretation of the terms "member" and "membership" as used in the above statutes and rule. The interpretation of statutes is a legal function; therefore, this court need not defer to the district court's conclusion. *See McClain v. Begley,* 465 N.W.2d 680, 682 (Minn.1991).

■ In *Obermeyer v. School Bd., Indep. Sch. Dist. No. 282,* 312 Minn. 580, 251 N.W.2d 707 (1977), a teacher who had been discharged by the school board sought a writ of certiorari in district court. The *Obermeyer* court addressed the question whether the teacher's substitute service upon the wife of the school board's chairman was adequate. The court, in reciting the facts, stated:

At no time was the petition, order, or writ served personally upon the chairman, any member of the school board, or the superintendent of schools \* \* \*.

*Id.* 312 Minn. at 581, 251 N.W.2d at 708. According to appellants, this language suggests that service on the superintendents was adequate. This language, however, was merely dicta, rather than essential to

1. As respondent argues, we cannot treat the appeals as though they were properly made from the orders, rather than the judgments. Appellants did not file their appeals until the time for appeal from the June 15 orders had expired. Were we to construe appellants' August 3 appeals as though they were taken from the June 29 amended orders for judgment, the appeals would be timely; however, an appeal from the amended orders would have been improper because those orders did not prevent "a judgment from which an appeal might be taken." Minn.R.Civ.App.P. 103.03(e). Rather, the amended orders actually ordered the entry of

judgment. *See Saric v. Stover,* 451 N.W.2d 65 (Minn.App.1990) (where an order directs the entry of judgment, proper appeal is from resulting judgment, even if the order would have otherwise been appealable).

2. An "ex officio" member is "one who is a member by virtue of his title to a certain office, and without further warrant or appointment." *Minnesota Educ. Ass'n v. Bennett,* 321 N.W.2d 395, 397, n. 1 (Minn.1982) (citing *State ex rel. Hennepin County v. Brandt,* 225 Minn. 345, 31 N.W.2d 5 (1948)).

the *Obermeyer* court's analysis of the issues in that appeal.

Three other cases suggest that service upon a school superintendent is inadequate because a superintendent is not truly a "member" of the school board. In *Jensen v. Independent Consol. Sch. Dist. No. 85*, 160 Minn. 233, 235, 199 N.W. 911, 912 (1924), the court concluded that a superintendent was not a member of the school board for purposes of a statute providing for the removal of board members. *See* 1913 Gen.Stat. § 2752, subd. 4 (now codified at Minn.Stat. § 123.33, subd. 8 (1990)). The *Jensen* court reasoned that the removal statute required a concurrent "vote" of at least four "members"; the superintendent, who does not have the right to vote, therefore should not be considered a member.

In *Gilbertson v. Independent Sch. Dist. No. 1*, 208 Minn. 51, 293 N.W. 129 (1940), the court considered whether a superintendent, as well as other board members, was required to receive written notice of a special meeting called for the purpose of re-electing teachers. The court concluded:

> [I]nasmuch as * * * he has no right to vote as a member, the failure to give him notice of the meeting * * * did not affect the validity of its proceedings. At best, his function as member ex officio is limited by statute to that of a counselor.

*Id.* 208 Minn. at 52, 293 N.W. at 129–30.

Finally, in *Minnesota Educ. Ass'n v. Bennett*, 321 N.W.2d 395 (Minn.1982), the court addressed the issue whether a school superintendent was a member of the "governing body of the school district", for purposes of Minnesota's Open Meeting Law, Minn.Stat. § 471.705 (1980). The court noted that "it is the power to decide, as opposed to the right to recommend, that determines whether one is a member of a governing body." *Bennett*, 321 N.W.2d at 397. The court noted that the superintendent's powers are generally advisory. *See*

Minn.Stat. § 123.34, subd. 9 (1980). Accordingly, for purposes of the open meeting law, the court construed the term "governing body of the school district" to include "only those elected members of the school board who have voting power." *Bennett*, 321 N.W.2d at 398.[3]

In light of the above analysis, we conclude the superintendent of a school board is not a member of the board for service of process purposes pursuant to rule 4.03(e)(4). Accordingly, the district court properly concluded that appellants' service of the superintendent and interim superintendent was insufficient.

■ 3. Appellants argue that service on the superintendents was nevertheless adequate because the school board had actual notice of the lawsuit. Appellants cite *Larson v. Hendrickson*, 394 N.W.2d 524 (Minn.App.1986). In *Larson*, the sheriff left copies of a summons and complaint with a tenant in the defendant's home. The defendant moved to dismiss for ineffective service of process, but the district court denied the motion and this court affirmed, concluding that service had been made at the defendant's "usual place of abode." Appellants cite the following language from *Larson*:

> When actual notice of the action has been received by the recipient, "the rules governing such service should be liberally construed."

*Id.* at 526 (quoting *Minnesota Mining & Mfg. v. Kirkevold*, 87 F.R.D. 317, 323 (D.Minn.1980)).

In *MacLean v. Lasley*, 181 Minn. 379, 232 N.W. 632 (1930), the court noted, however:

> In making such substituted service there must be a strict compliance with the statute. The necessity of the statutory service is not dispensed with by the mere fact that the defendant may in

---

**3.** Appellants argue that even if a superintendent is not a member of a "governing body" of a school district, as *Bennett* holds, nevertheless the superintendent must still be considered a member of the "school board." The rule, however, refers to "any member of the board or *other* governing body." In *Bennett*, the court construed the term "governing body" as "those elected members of the *school board* who have voting power." *Bennett*, 321 N.W.2d at 398 (emphasis added).

some way learn of the existence of the papers and an attempted service. *Id.* 181 Minn. at 380, 232 N.W. at 632. Furthermore, the court stated in *Thiele v. Stich,* 425 N.W.2d 580, 584 (Minn.1988) that the "actual notice" service rule has only been recognized in cases involving substitute service at defendants' residences. The *Thiele* court concluded:

> Rule 4 is otherwise taken literally * * *. Actual notice will not subject defendants to personal jurisdiction absent substantial compliance with Rule 4.

*Thiele,* 425 N.W.2d at 584.

Appellants also cite language from a treatise on civil procedure stating that the purpose of rule 4.03(e) is to ensure that parties receive notice of lawsuits—not to create barriers to lawsuits. 1 David F. Herr et al., *Minnesota Practice* § 4.14, at 64 (1985). That language, however, was in the context of explaining the provision in rule 4.03 that "[i]f service cannot be made as provided in Rule 4.03(e), the court may direct the manner of such service."

■ 4. Appellants also argue that respondent is estopped from arguing ineffective service of process because the superintendents specifically represented that they were authorized to accept service on behalf of the school district. The superintendents initially represented to appellants' attorney that they were authorized to accept service on behalf of the school district. The attorney, in turn, told the process server to serve the superintendents, and at the time of service, the superintendents told the process server that they were authorized to accept service on behalf of the school district.

> To establish a claim of estoppel, plaintiff must prove that defendant made representations or inducements, upon which plaintiff reasonably relied, and that plaintiff will be harmed if the claim of estoppel is not allowed.

*Northern Petrochem. Co. v. United States Fire Ins. Co.,* 277 N.W.2d 408, 410 (Minn. 1979).

In *Mesaba Aviation Div. v. County of Itasca,* 258 N.W.2d 877, 880 (Minn.1977), the court stated: "We do not envision that estoppel will be freely applied against the government." In *State ex rel. Haak v. Board of Educ. of Indep. Sch. Dist. No. 625,* 367 N.W.2d 461, 464–65 (Minn.1985), the court suggested that a school district is considered a government agency within the contemplation of the *Mesaba* restriction.

We conclude that appellants' attorney could not have reasonably relied on the representations of the non-attorney superintendents that they were authorized to accept service on behalf of the school district. Whether an individual may accept service is determined by the rules and statutes; therefore, appellants' attorney should have examined the law and made the determination whether the superintendent was authorized to accept service.

■ Appellants also argue that respondent waived its claim of insufficient service of process by failing to timely raise the issue. *See* Minn.R.Civ.P. 12.08(a). Appellants, however, do not dispute respondent's claim that the waiver issue has been raised for the first time on appeal. This court will not determine factual issues that have not first been determined by the district court. *See Plowman v. Copeland, Buhl & Co.,* 261 N.W.2d 581, 583 (Minn.1977); Minn. R.Civ.App.P. 110.01.

5. Respondent has moved to strike portions of appellants' reply brief, including an affidavit by appellants' counsel and certain references to the affidavit. Respondent has also moved to strike a paragraph in appellants' reply brief which asserts that, by serving notice of filing of the district court's amended orders, respondents attempted to perpetrate a fraud on appellants' counsel.

The facts stated in the affidavit and reply brief were not a part of the record, and therefore may not be considered for the first time on appeal. *See Plowman,* 261 N.W.2d at 583; Minn.R.Civ.App.P. 110.01.

## DECISION

Appellants should have appealed from the orders dismissing for insufficient service of process. The superintendents were

not authorized to accept service of process on behalf of the school board.

Affirmed.