Elizabeth Jeanette **PEDERSON,**
**Respondent,**

v.

**CLARKSON LINDLEY
TRUST, Appellant.**

No. C8–94–483.

Court of Appeals of Minnesota.

July 19, 1994.

John C. Nichols, Michael R. Peterson, Minneapolis, for appellant.

Chris Bothe, St. Paul, for respondent.

Considered and decided by DAVIES, P.J., and LANSING and FORSBERG, JJ.

## OPINION

DAVIES, Judge.

Appellant trust challenges the trial court's denial of its motion to dismiss, arguing the court lacks personal jurisdiction due to improper service of process. We affirm.

## FACTS

Appellant Clarkson Lindley Trust, which is not listed in any telephone directory and does not maintain a public identity or conduct any publicly open activity, functions exclusively through its co-trustees, and lists its address as 18950 Northome Boulevard in Deephaven. This address matches the home address of Clarkson Lindley, one of the trust's three co-trustees. Clarkson Lindley does virtually nothing to apprise the public that the Clarkson Lindley Trust operates in any way other than through him out of his home.

Respondent Elizabeth Pederson seeks damages for injuries she allegedly sustained when she fell in a parking lot owned by the trust. She served process on the trust by leaving a summons and complaint with Lindley's wife at their Deephaven home. Lindley's wife notified Lindley of the summons. He, in turn, informed the other two trustees of Pederson's lawsuit. Pederson also served courtesy copies of the summons and complaint on the trust's liability carrier, Traveler's Insurance Company.

The trust moved to permanently dismiss Pederson's claim, arguing that service was improper and the statute of limitations had run. The trial court denied the trust's motion to dismiss, and this appeal followed.

## ISSUE

Does service on a trustee's wife at the trustee's home constitute effective personal service on a trust where the trust essentially functioned as an individual out of the trustee's home?

## ANALYSIS

"In determining whether personal jurisdiction exists, this court is not bound by the ultimate legal conclusions of the trial court." *Scott v. Scott,* 492 N.W.2d 831, 833 (Minn. App.1992).

 Minn.R.Civ.P. 4.03, which expressly provides for personal service upon individuals, partnerships and associations, corporations, the state, and public corporations, is silent regarding personal service on trusts. But a fundamental principle of the rules of civil procedure is that cases should be decided on the merits rather than on technicalities, and where the intended recipient receives actual notice of the action, the rules governing such service should be liberally construed "to avoid depriving a litigant of his day in court." *Independent Sch. Dist. No. 273 v. Gross,* 291 Minn. 158, 165, 190 N.W.2d 651, 656 (1971); *accord Larson v. Hendrickson,* 394 N.W.2d 524, 526 (Minn.App.1986). Furthermore, the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Minn. R.Civ.P. 1.

Here, because the facts indicate that the trust is in essence Clarkson Lindley and that the trust essentially functions as an individual, it would be fair to treat the trust as an individual for service of process, and accordingly to permit substituted service on Lindley's wife pursuant to Minn.R.Civ.P. 4.03(a). Trustee Clarkson Lindley, as an individual, operated the Clarkson Lindley trust out of his home, using his residence as its address. He did virtually nothing to apprise the public that the trust operated other than through him; we question whether there was a more desirable place for the papers to be delivered. Furthermore, appellant admitted that all co-trustees received actual notice of the suit, as did appellant's liability carrier, which forwarded the summons and complaint to its attorneys. Finally, we note that the appellant will suffer no prejudice by our ruling—appellant still has every available defense in the underlying action. Thus, where, as here, a trust functions exclusively through its individual trustees and does not maintain any public identity or conduct any publicly open activity, both equity and the underlying pur-

pose of the rules of civil procedure compel us to permit service on a trustee's spouse at the trustee's home.

We disagree with appellant's interpretation of and reliance on *Obermeyer v. Independent Sch. Dist. No. 282*, 312 Minn. 580, 251 N.W.2d 707 (1977). *Obermeyer* only states that rule 4.03(e) does not provide for service on municipal corporations by service on the spouse of an agent of the corporation. In *Obermeyer*, the court held that substituted service on a spouse under rule 4.03(e) was improper because such an interpretation made meaningless the enumerations in subsections (1)–(5) of rule 4.03(e). *Id.* at 582, 251 N.W.2d at 708. The *Obermeyer* court stated:

> The policy reflected by the enumeration of designated agents of service is that those persons are capable of and authorized to act on behalf of the corporate body. This policy is not advanced by the attempted service upon the wife of a designated agent.

*Id.; accord Martinco v. Hastings*, 265 Minn. 490, 495, 122 N.W.2d 631, 637 (1963) ("[W]hen a statute speaks with clarity in limiting its application to specifically enumerated subjects, its application shall not be extended to other subjects by process of construction.").

Here, in contrast, neither rule 4.03(a) nor (b) provides specific enumerations of how to serve process on a trust. Hence permitting service on an agent of the trust by delivery to the spouse of that agent—at least in the circumstances we have here—does not hinder any policy related to enumerations of persons capable of and authorized to act on behalf of the trust.

More on point, we believe, is *Peterson v. W. Davis & Sons*, 216 Minn. 60, 11 N.W.2d 800 (1943). In *Peterson*, the plaintiffs, who sought to establish personal liability against the firm of W. Davis & Sons, made substituted service on the wife of one of the members of the firm. *Id.* at 62, 11 N.W.2d at 802. The court, referring to Minn.Stat. § 540.15 (1941) (the predecessor to Minn.Rule 4.03(b)), upheld substituted service on the wife, and held that service was binding on her husband

and other members of the firm. *Id.* at 66, 11 N.W.2d at 804.

Based on equity and the philosophy behind the rules of civil procedure, and under the unique facts of this case, we affirm the trial court's decision that the trust was indistinguishable from one of its co-trustees as an individual for purposes of service of process.

## DECISION

The trial court properly denied appellant's motion to dismiss based on improper service of process.

**Affirmed.**