The Honorable Gary Witt Representative, District 29 State Capitol Building, Room 235B-B Jefferson City, Missouri 65101
Dear Representative Witt:
This opinion is in response to your question which can be summarized as follows:
 Is a municipal judge between the ages of seventy and seventy-five years old required to retire on August 28, 1993, the effective date of Conference Committee Substitute for House Substitute No. 2 for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 88, 87th General Assembly, First Regular Session (1993), or should the judge be allowed to complete the term to which he was elected and retire at the end of that term?
The municipal judge about whom you are concerned is serving as municipal judge in a fourth class city.
Section 479.020.7, RSMo 1986, required municipal judges to retire at the age of seventy-five. Conference Committee Substitute for House Substitute No. 2 for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 88, 87th General Assembly, First Regular Session (1993) (hereinafter "Senate Bill No. 88") amended Section 479.020.7 to require all municipal judges to retire at the age of seventy. Section 479.020.7 as amended by Senate Bill No. 88 provides:
 7. Municipal judges shall be at least twenty-one years of age. No person shall serve as municipal judge after he has reached his [seventy-fifth] seventieth
birthday.
The language deleted in this subsection by Senate Bill No. 88 is shown in brackets, and the language added is underlined.
Article V, Section 23 of the Missouri Constitution provides with respect to municipal judges in relevant part as follows:
 . . . The selection, tenure and compensation of such judges and such personnel shall be as provided by law, or in cities having a charter form of government as provided by such charter. . . .[1]
In State ex rel. Hall v. Vaughn, 483 S.W.2d 396 (Mo. banc 1972), the Missouri Supreme Court considered a constitutional amendment imposing a 70 year old age maximum on certain judges then in office. The issue was whether a circuit judge serving a six-year term must immediately retire and terminate his services as a judge upon the imposition of the new 70 year old age maximum or whether the judge was entitled to complete his term.
In that case the constitutional amendment contained language reflecting that the framers of the constitutional amendment as well as the people intended a judge selected for a designated term to serve out his full term regardless of the age attained during such term (except to the extent his term might have been limited by age at the time of his election). The court pointed out:
 For instance, Article Five, as now amended, also contains the following provisions: (1) Section 29(c)(1) (in so far as it contemplates possible adoption of the non-partisan court plan in other circuits) provides, in part: "Any judge holding office, or elected thereto, at the time of the election by which the provisions of section 29(a)-(g) become applicable to his office, shall, unless removed for cause, remain in office for the term to which he would have been entitled had the provisions of sections 29(a)-(g) not become applicable to his office."; (2) Section 31, paragraph 3, provides in part: "The adoption of this amendment shall not affect the term or tenure of any right or duty of any judge of a court of appeals who is in office on the effective date of this amendment."; and, (3) Section 31, paragraph 7, provides, in part: "The commissioners * * * holding office on the effective date of this amendment shall continue to hold office as commissioners of the court or court of appeals districts in which they serve until the end of their terms. . . ." [Emphasis in original.]
Id. at 399. Although the provisions cited above did not apply to the specific judge to whom the case related, the court considered such provisions as "fall[ing] into a harmonious whole" indicating an intent the circuit judge to whom the case related was entitled to serve out his full term. Id.
In discussing the authority to change the conditions of an office during its term, the court in State ex rel. Hall v.Vaughn, supra, stated:
 Quite consistently, the courts of this country have declared that public offices are created solely to meet the needs of the public and that the incumbent thereof has no contractual or vested right to the particular office; and, on that premise, it has been concluded that: "The power to create an office generally includes the power to modify or abolish it." . . . In fact, this court has so held from the early case of State v. McBride, 4 Mo. 303, 29 Am.Dec. 636 (1836) to the recent case of State v. Davis, 418 S.W.2d 163 (1967). In McBride approval was given to the abolishment of an office, while in Davis shortening the term of an office was approved. Other decisions of this court during the interim on related questions may be found in . . . . As even a casual reading of such cases will reflect, the basic principle upon which the holdings therein were based was that public offices are created to meet the needs of the people; and, that when such need ceases to exist, there is no obligation or necessity to continue a useless office. From this premise, the courts have been able to rationalize the validity of making other structural changes in an office, such as shortening the term provided for the occupant of such an office.
Id. at 397-398.
Consistent with the language quoted above is the discussion in O'Neil v. Baine, 568 S.W.2d 761 (Mo. banc 1978) where the Missouri Supreme Court considered the statute requiring mandatory retirement for magistrate and probate judges at age seventy.
 A judge does not have a vested interest in public office, nor is the office fundamental property within the meaning of the Constitution. Public officers are created solely to meet the needs of the public and the incumbent has no contractual or vested right to the office. State ex rel. Hall v. Vaughn, 483 S.W.2d 396, 397
(Mo. banc 1972). Decisions of the Supreme Court of the United States conclude there is no right of governmental employment per se. Murgia, 427 U.S. at 313, 96 S.Ct. 2562. There is no constitutional right to be a judge.
Id. at 768.
In the situation about which you are concerned, the language in Section 479.020.7 as amended by Senate Bill No. 88 is clear and unambiguous: "No person shall serve as municipal judge after he has reached his seventieth birthday." There is no language comparable to the language in the constitutional amendment considered in State ex rel. Hall v. Vaughn, supra,
indicating an intent that the imposition of an age maximum was not intended to affect those judges then serving a term of office. Following the general principles set forth in State exrel. Hall v. Vaughn, supra, and O'Neil v. Baine, supra, we conclude that the imposition of the new 70 year old age maximum applies to municipal judges in fourth class cities now serving a term of office.
CONCLUSION
It is the opinion of this office that Section 479.020.7, RSMo, as amended by Conference Committee Substitute for House Substitute No. 2 for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 88, 87th General Assembly, First Regular Session (1993) prohibits a municipal judge in a fourth class city who has reached his seventieth (70th) birthday from continuing to serve after the effective date of such bill, August 28, 1993.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Because the situation about which you are concerned involves a municipal judge in a fourth class city, this opinion does not address a municipal judge serving in a city having a charter form of government where the charter contains a provision inconsistent with Section 479.020.7.